WEIS vs. MAINHAUT.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Irrelevant evidence can do no injury, and the admission of it will not entitle a party to have the cause remanded. But if a party be deceived by an unexpected piece of evidence which he could have contradicted had he been aware of its intended introduction, he will be entitled to a new trial on the score of surprise.

In an action for work and labor, where the parties are at issue on the question, whether the plaintiff has been fully paid according to contract, or the value of his work, the defendant may give in evidence the award of arbitrators, to show the value of the work, although it be neither pleaded in the answer nor notified to the plaintiff.

It is not an objection to a *synalagmatic* contract, that it is not made in as many originals as there are parties.

The party who puts the initials of his name gives a kind of approbation to the instrument on which he writes them.

The endorsements made by a party in possession of a document are evidence against him, unless he shows them to have been made with the consent of the party against whom he wishes to use them.

This was an action to recover the value of work and labor done, the amount of which was set forth in a detailed account annexed to the petition. The defendant, in his answer, admitted that he had employed the plaintiff to do certain work for a specified sum, and in conformity to a written contract signed by both parties. That some extra work was also agreed upon and endorsed on the back of the contract, but averred, that for the extra work, as well as that contemplated by the contract, the plaintiff had been fully paid.

It appeared that previous to the institution of the suit the parties had entered into a written consent to refer the matter in dispute to the decision of arbitrators, who differed in their

estimate as to the value of the work, and on the trial of the cause the defendant offered in evidence this consent, which was opposed by the plaintiff, on the ground of irrelevancy, it not having been pleaded by the defendant, nor in any manner notified to the plaintiff. The objection was overruled, the document read in evidence, and the plaintiff took a bill of exceptions. The defendant also offered in evidence the contract between the parties, which was objected to by the plaintiff on the grounds: 1. That it was not signed by the plaintiff, except with his initials. 2. That it was not made double, and had been all the time in the hands of the defendant. 3. That reference was made in said paper to a design presented by the plaintiff to the defendant, and which was not exhibited in court. 4. That additions had been made to said contract in the handwriting of the defendant and endorsed on the same. These objections were overruled, the contract read in evidence, and a bill of exceptions taken. On the merits the court *a qua* gave judgement for the defendant, and the plaintiff appealed.

MARTIN, J., delivered the opinion of the court.

To an action for work and labor done by the plaintiff and his apprentice, and materials furnished, on a *quantum meruit*, according to an account annexed to the petition, the defendant pleaded the general issue, and that the plaintiff undertook to do certain works for the defendant for six hundred dollars according to an agreement signed by the parties, that the defendant made him several payments according to said agreement, but the plaintiff performed his work so carelessly and inartificially that it is of little or no value, and that he has been overpaid.

There was judgement for the defendant and the plaintiff appealed.

Our attention is first called to two bills of exceptions. The first is to the admission in evidence of a written consent of the parties to submit their dispute to arbitration, on the

EASTERN DIS.
June, 1832.

WEIS
vs.
MAINHAUT.

·ground of irrelevancy, on the ground of its not being pleaded in the answer nor in any manner notified to the plaintiff.

We have held that irrelevant evidence could do no injury, and the admission of it could not entitle the party to have the case remanded. If the party be deceived by an unexpected piece of evidence, which he could have contradicted had he been aware of its intended introduction, he may be entitled, on the score of surprise, on a motion, to a new trial. In the present instance, the parties were at issue on the question, whether the plaintiff had been fully paid according to contract or the value of his work, and the defendant contended he had been so, in either way. In order to show he had so paid the full value of his works he endeavoured to show the parties had agreed to submit their difference to an arbitration, and that the plaintiff had been fully paid according to the valuation of these arbitrators. We think the district judge did not err.

The second bill was to the admission in evidence of a document purporting to be a contract between the parties respecting certain works to be done by the plaintiff for the defendant. The objection was, that it was not made double, that it was not signed with the plaintiff's name at full length, but only with his initial letters, and had ever remained in the defendant's possession, that reference is therein made to a design which was not exhibited, and that an addition had been made to said document by the defendant by an endorsement.

Since the new code, it is not an objection to a *synalag-matic* contract, that it is not made in as many originals as there are parties. Under the old one, this objection was not a peremptory one and might be cured by testimony. The party who puts the initials of his name gives a kind of approbation to the instrument on which he writes them. If any part of a document refer to a plan or design which is not exhibited, the part in which the reference is made may be contended to be unavailable, if the plan or design be not produced; and the endorsements made by the party in possession

*Margin notes:*

Irrelevant evidence can do no injury, and the admission of it will not entitle a party to have the cause remanded. But if a party be deceived by an unexpected piece of evidence, which he could have contradicted had he been aware of its intended introduction, he will be entitled to a new trial on the score of surprise.

In an action for work and labor, where the parties are at issue on the question, whether the plaintiff has been fully paid according to contract, or the value of his work, the defendant may give in evidence the award of arbitrators to show the value of the work, although it be neither pleaded in the answer nor notified to the plaintiff.

It is not an objection to a *synalagmatic* contract, that it is not made in as many ori-

of a document are evidence against him alone, unless he. shows them to have been made with the consent of the party against whom he wishes to use them. These circumstances authorize objections as to the effect of the instrument, but they do not absolutely authorize its rejection. We therefore think the district judge did not err.

On the merits the first judge has been of opinion, after listening to a considerable mass of testimony, partly contradictory, that the plaintiff had contracted to perform works, which he had contracted for with the defendant, for a specific price, to be discharged by three instalments, one on the beginning, the second on the work being far advanced, and the last on its completion; that the defendant was never in arrear in his payments; that the plaintiff was so dilatory in his progress, and performed his work in so imperfect and inartificial a manner that the defendant was, in the opinion of the District Court, justified in employing other workmen to complete it; and that the sums he paid to the plaintiff, and those he was compelled to pay to these workmen, exceeded that he was bound to pay by his original contract with the plaintiff, and the valuation put by persons appointed by the parties to settle the difference between them.

In a case like this, the opinion of the first judge, who saw and heard the witnesses, has much weight with this court, and a close examination of the testimony has rather confirmed than diminished our inclination to respect his decision.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

*Hennen* and *M'Ready*, for appellant.
*Seghers* and *Kelly*, for appellee.