EASTERN DIST.
February, 1837.

M'NEILL'S HEIRS
vs.
ELKINS'
EXECUTOR ET AL.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

M'NEILL'S HEIRS *vs.* ELKINS' EXECUTOR ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The Court of Probates is the proper tribunal, before which to institute all suits for demands against a succession, in the course of administration.

So, where the creditors of an insolvent, set up claims against the estate of a deceased syndic, alleging that property of the ceding debtor came into his hands, and remains unaccounted for, the Court of Probates is bound to take cognizance of the claim, and prevent the funds of the succession from being paid over, or taken from its jurisdiction, until the demand is litigated.

The plaintiffs allege, that they are the legal heirs of Joseph M'Neill, deceased, who was a creditor of one Edward Brooks, of the city of New-Orleans, who made a surrender of his property, for the benefit of all his creditors, in the year 1813, and that John Poultney, Samuel Elkins, and Maunsel White, were appointed syndics.   That Poultney died soon after, and Elkins died in 1835, leaving his estate principally to legatees, residing out of the state, who have sent an agent, duly authorized, to receive the same from his executor.   The plaintiffs further allege, that said Elkins, in his lifetime, at sundry times, did receive and collect, in his capacity of syndic, large sums of money, belonging to

EASTERN DIST. the estate of said Brooks, amounting to more than ten
*February*, 1837. thousand · dollars, and has never rendered any account of
M'NEILL'S HEIRS his syndicship, or filed any tableau of distribution of the
*vs.* funds of said estate. They allege, that the property and
ELKINS'
EXECUTOR ET AL. effects of Elkins' succession has been sold, and they are
apprehensive, that the proceeds will be carried out of the
state. They, therefore, pray, that the executor of Elkins'
succession, and the agent of his legatees, be ordered to
render an account of the syndicship, &c., and pay over any
sum that may belong to Brooks' estate, to them and the
other creditors; and finally, that the executor and agent be
ordered not to deliver, or pay any funds or other effects of
said succession, until they give security, in an amount
sufficient to cover any sum which may be found due to the
creditors of Brooks' insolvent estate.

The executor pleaded, that he was ignorant of the matters
seth forth in the petition, and required strict and legal
proof thereof; and further averred, that he had filed his
account as executor, and this proceeding should have been
commenced by way of opposition thereto.

The counsel for the agent, pleaded an exception, that by
the plaintiff's own showing, he could not maintain his suit,
because there were other syndics, who should have been
made co-defendants, before any responsibity would attach to
Elkins.

They further excepted to the jurisdiction of the Probate
Court. Upon these pleadings and issues, the case was tried
before the court. The judge of Probates, considering that
no tableau had ever been filed by the syndics of Brooks'
creditors, and the *concurso* still pending before the District
Court, he had no authority to interfere. Judgment was
rendered, dismissing the petition, and the plaintiffs appealed.

*Conrad*, for the plaintiffs, insisted, that the judgment of
the Court of Probates was erroneous, and must be reversed.

*Worthington*, for the agent of Elkins' legatees, maintained
that the Probate Court had no jurisdiction of the case, first,

because the plaintiffs do not show that they are creditors of the estate of Samuel Elkins, in the sense required by the Code of Practice, to confer jurisdiction.

EASTERN DIST.
*February*, 1837.

M'NEILL'S HEIRS
*vs.*
ELKINS'
EXECUTOR ET AL.

2. This court has no authority to order an account by one, or all of the syndics of the insolvent estate, of which the plaintiffs claim to be creditors.

3. That this court could not homologate the account of the syndics, if it were presented, having no power over the *concurso*, which is still pending in the District Court.

*Strawbridge*, for the executor.

*Martin, J.,* delivered the opinion of the court.

The plaintiffs state that their ancestor was creditor of Brooks, who made a cession of goods, on which Elkins was appointed syndic, and in that capacity received a large sum of money, which, at his death, remained unaccounted for in his hands. They pray that the executor may file an account of the syndicship, and pay over to the creditors of Brooks the balance due them by the testator ; and that in the meanwhile, the executor be enjoined from paying over the proceeds of the succession to the heirs, until they shall have given security, &c.

The defendants filed an exception to the jurisdiction of the court, which was sustained, and the plaintiffs appealed.

The judge of probates, was of opinion that as Brooks' syndic had never filed any tableau, and the dividend coming to the plaintiffs is uncertain, the plaintiffs had no claim. This may be correct, and may authorize after a hearing, a judgment against the plaintiffs, but it cannot authorize the Court of Probates, in declining to take cognizance of the case. The counsel for the appellees, has likened this case to one in the federal courts, in which the plaintiff must show his capacity of suing in that court, and the defendants' liability to be sued therein ; and when this is not shown, the plea to the jurisdiction will be sustained. He has urged, that the Court of Probates, being like the federal court, a court of limited jurisdiction, the plaintiff must

*The Court of Probates is the proper tribunal before which to institute all suits for demands against a succession, in the course of administration.*

EASTERN DIST.
February, 1837.

M'NEILL'S HEIRS
vs.
ELKINS'
EXECUTOR ET AL.

So, where the creditors of an insolvent set up claims against the estate of a deceased syndic, alleging that property of the ceding debtor came into his hands, and remained unaccounted for, the Court of Probates is bound to take cognizance of the claim, and prevent the funds of the succession from being paid over or taken from its jurisdiction, until the demand is litigated.

show his capacity of suing there, to wit: that he is a creditor of the estate; and that in the present case, the plaintiffs have only shown that their ancestor was a creditor of Brooks, not of Elkins. The plaintiffs show, indeed, that their ancestor was a creditor of Brooks, and that the estate of the latter passed into the hands of Elkins, and remained in his hands unaccounted for. They, therefore, have an interest, in common with the other creditors of Brooks, in having the property surrendered, in the hands of Elkins, at his death, separated from his private property, and to prevent the surrender of it to the heirs of Elkins, who reside abroad, until they, or their agent, give security for its forthcoming. The plaintiffs, therefore, properly applied to the Court of Probates, before whom alone the executor was suable, in order that cautionary measures might be taken for the protection of their rights. It is useless for us now to inquire into the nature and extent of the relief, to which they are entitled, nor whether they may be required to make other persons parties; it suffices that the Court of Probates is the proper, indeed the only court, in which the relief they seek may be obtained, to authorize the conclusion that that court cannot decline to take cognizance of the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be annulled, avoided and reversed, the exception to its jurisdiction be overruled, and the case remanded for further proceedings according to law ; the defendants and appellees paying costs in this court.