## X. LAMBERT v. C. M. CONRAD.—ON A MOTION TO DISMISS.

.A non-resident has two years in which to appeal from a decree rendered against him in the Courts.

APPEAL from the Sixth District Court of New Orleans.

HYMAN, C. J. Plaintiff, on the 7th January, 1864, obtained an order for the seizure and sale of certain real property of defendant, while he was absent from this State, and was residing in Virginia.

In the latter part of the year 1865 defendant returned to the State, and on the 25th day of November, 1865, he filed a petition to appeal from the fiat of the Judge. The Judge granted the order of appeal, on 25th November, 1865, and on the 5th of December, 1865, defendant took the appeal by filing his bond of appeal. .

Plaintiff moved to dismiss the appeal for two causes : 1. Because more than a year had elapsed since the order of seizure and sale had been granted, before defendant took the appeal. 2. Because the order of the Judge granting the appeal was not made in the manner required by law.

Defendant took the appeal in time. He had the right to appeal within two years after the decree of the Judge ordering the sale of his property, as he was absent from the State, and resided in another State when the decree was applied for and obtained by plaintiff. See Code of Practice, Article 593.

The order of the Judge granting the appeal .fixed the amount of the bond of appeal that defendant was to give, required defendant to give

10

good and solvent security on the bond, and stated the day on which the appeal should be returned to this Court.

We see no non-compliance with Article No. 574 of the Code of Practice in the order of appeal, and none has been pointed out.

The motion to dismiss the appeal is over-ruled.