No. 252.—L. J. WILLIS *v.* J. NICHOLSON et als.

In this case property was seized and sold by the sheriff under execution. The purchaser
obtained a judgment on monition approving the sale. The defendant brings this action
to annul the sale on the ground of want of authority in the sheriff to sell, and that
there was no sufficient description of the land adjudicated. The purchaser pleaded the
judgment in monition as *res judicata* and a bar to the action.

Held—That the judgment on the monition appearing to be regular in form, all the require-
ments in such a case having been complied with, it operated as a bar to further proceed-
ings touching its validity; that the defenses urged here of want of description, etc.
should have been urged at the trial of the suit for the monition.

APPEAL from the Tenth Judicial District Court, parish of Caddo.
*Levisee,* J. *A. W. O. Hicks,* for plaintiff. *Nutt & Leonard,* for
appellants.

HOWELL, J. This is an action by a judgment debtor to annul a
sheriff's sale upon the grounds—

I. Of want of authority in the sheriff to make the sale. *First,*
because the sale was enjoined; *second,* because he was instructed by
the plaintiff in execution not to sell; *third,* because he had no
authority to sell less than he had seized.

II. There was no sufficient description and identification of the
land adjudicated.

The defendant J. Nicholson, who was plaintiff, admits the allega-
tions of the petition and joins in the prayer to annul the sale.

The defendant R. L. Gilmer, the purchaser, and his vendee of a part
of the land, pleaded the judgment in the case of " R. L. Gilmer,
application for monition" (reported in 21 An. 589), as *res judicata.*
This and other exceptions not being sustained, and judgment having
been rendered on the merits in favor of the plaintiff annulling the
sale, Gilmer and his vendee have appealed.

The plea of *res judicata* necessarily involves the consideration of
the " monition law " and its applicability to this case.

Its object is declared to be to protect purchasers under sheriffs' and
certain other sales from eviction of the property so purchased, and
from any responsibility as possessors of the same upon compliance
with the prescribed rules; and the judgment on the monition is con-
clusive evidence that the monition has been regularly made and duly
advertised, and the judgment of confirmation " shall have the force of
*res judicata* and operate as a complete bar against all persons, whether
of age or minors, whether present or absent, who may thereafter
claim the property sold in consequence of all illegality or informality
in the proceeding, whether before or after judgment, and the judgment
of homologation shall, in all cases, be recorded and considered as full
and conclusive proof that the sale was duly made according to law,
in virtue of a judgment or order legally and regularly pronounced on
the interest of parties duly represented. An exception is expressly

35

made, that the law shall not be construed "so as to render valid any sale made in virtue of a judgment when the party cast was not duly cited to make defense," and the recourse of minors in certain cases is preserved. R. S., sections 2370, 2360.

Whatever may have been heretofore said, or may now be said in regard to the effect of a judgment on a monition upon what may be termed radical defects, we think it clear that the judgment on the application of Gilmer for a monition in this instance is a bar to this action. It was clearly the duty of the plaintiff herein, who does not allege a want of citation in the suit against her, to make herself a party to that proceeding, and urge all the grounds of opposition which she might or could have. She was manifestly within the category of persons affected by the notices required to be given and concluded by the judgment in said proceedings. Under the language of the law the thirty days notice applies to "all persons who can set up any right to the property, in consequence of any informality in the order, decree or judgment of the court under which the sale was made, or any irregularity or illegality in the appraisement and advertisement in time and manner of sale, or for any other defect whatsoever." The defects urged by the plaintiff are the want of authority in the sheriff for specified reasons and the want of a sufficient description and identification of the property. We think there can be no doubt that there are defects of and within the proceedings resulting in the sale, which should have been urged by plaintiff in opposition to the monition. The presumption of law is that the sheriff had in his hands the writ of execution, which was his full, legal authority, to make the sale, and if that authority was revoked or suspended this fact, as well as any defect of description, should have been set up and established in the monition proceedings.

Mrs. Nicholson having been a party to said proceedings is certainly bound by them.

We think the plea of *res judicata* should have been sustained, and plaintiff's action dismissed.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of R. L. Gilmer and R. White, on their plea of *res judicata*, dismissing plaintiff's action at her costs, in the lower court. Costs of appeal to be paid by the appellee.

———

TALIAFERRO, J., *dissenting.* I adhere to what I conceive to have been the construction heretofore given by this court to the monition act of 1834, reënacted in 1855. It has been held to relate only to informalities in decrees ordering or proceedings connected with judicial sales; it extends but to matters of form, and not to those *dehors* the

proceedings. 16 La. 590. In Robert et al. *v.* W. W. Brown et al., 14 An. 597, where the question was as to the validity of a sale made without an order of court, and the prescription of five years under the act of 1834, reënacted in 1855, was set up in bar of the plaintiff's claim to the property, the court was of the opinion "that this statute does not cure the total want of authority to sell, but merely irregularities and informalities in the execution of the decree or other sufficient authority to sell." The scope and purpose of the monition law, I think, are clearly defined by Chief Justice Eustis in the case of the City Bank of New Orleans *v.* Walden, 1 An. 46. The learned judge said : "The monition act of 1834, under which the present proceedings are instituted, was passed for the protection of *bona fide* purchasers at judicial sales from litigation concerning matters of form, a non-observance of which by public officers frequently exposed purchasers to unreasonable and vexatious suits. The difficulty of administering and preserving proofs of the observance of formalities rendered cases of this kind, in the hands of the unscrupulous, the instruments of great annoyance and expense to those who had purchased and paid for property exposed for sale under the authority of our courts. This law relates to informalities in the decrees under which judicial sales are made, and to irregular, illegal and defective proceedings connected with the sales. We do not understand the operation of this act to extend beyond matters of form, nor that it purports to operate on any matter *dehors* the proceedings." See also 2 An. 208.

In the case now before us I think there was a sale made of the plaintiff's land without even the shadow of authority. The injunction taken out by the plaintiff to prevent the sale of her property, commanded the sheriff not to make sale of it. He was directed both by the plaintiff's agent and her attorney at law not to proceed with the sale. These directions were disregarded. It is said on the part of the defendants Gilmer and White, that these instructions from the agent and the attorney at law were verbal, and that the sheriff was not bound to regard them. I know of no law requiring such instructions to be given in writing under pain of nullity. The judgment creditor has the right to control his judgment and may, under the rules of the law, give directions as to the time of its execution. The sheriff, who is the mere minister of the law, has no discretion in such a case, and must regard the wishes of the creditor controlling the judgment when instructed to suspend or postpone a sale of the debtor's property. The views here expressed are, I think, fully borne out and sustained by the decision of this court in the case of Williams *v.* Gallien, 1 Rob., p. 95. In that case a sale of valuable property was made in disregard of the plaintiff's repeated instructions to forbear selling the defendant's property, even after he had seen the sheriff's advertisement of sale.

In that case Judge Martin, the organ of the court, held that the judgment was the property of the plaintiff, and that the sheriff had no right in violation of the orders of the plaintiff or his attorney to sell the property seized, and the sale was annulled. The doctrine announced in that case was again asserted distinctly in a parallel case in 9 Robinson, p. 77, Spencer, tutrix, v. Conrad, administrator.

There are two defects existing in the proceedings by which the sale in question was effected that, in my judgment, can not be referred to the class of "irregularities and informalities" that may be cured by monition, and these are want of authority in the sheriff to sell, and want of description of the property sold. In regard to the latter I quote the authority of the case of Dodeman v. Barrow, 10 An., p. 193, and the case of M. Gernon v. W. W. Handlin, 19 An. 25, and also the case of Brooks v. Workman, 22 An. 491.

I think the judgment of the district court should be affirmed.