## MONTGOMERY *v.* SAMORY.

A court in Louisiana, having jurisdiction of the parties and the subject-matter of the suit, rendered a judgment in favor of the plaintiff for a debt, with lien and privilege on the lands described in the mortgage given by the defendant to secure it. The judgment, on a devolutive appeal by the defendant, was in all things affirmed by the Supreme Court of the State. Pending the appeal, the lands were sold by the sheriff under the judgment, and purchased by the plaintiff, who obtained a monition under the act for the further assurance of titles to purchasers at judicial sales. Due publication of said monition having been made, and there being no opposition to said sale, the proper court ordered that the same "be confirmed and homologated according to law." A suit was subsequently brought in the Circuit Court of the United States by the heir-at-law of the mortgagor, praying that the title of the purchaser at said sale be decreed to be null and void, and that the complainant be adjudged to be the true and lawful owner of the lands. *Held,* that the judgment in the proceedings on the monition is conclusive proof of the validity of the sale, and, as *res adjudicata,* is a complete bar to the suit.

ERROR to the Circuit Court of the United States for the District of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Thomas Hunton* for the appellant.

*Mr. Philip Phillips* and *Mr. Henry C. Miller, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Courts and jurists everywhere agree that the title to real estate is governed by the laws of the place where it is situated, the universal rule being that the title to such property can only be acquired, passed, or lost according to the *lex loci rei sitæ:* Story, Confl. Laws (6th ed.), sect. 424; Wharton, Confl. Laws, sect. 273.

Enough appears in the record to show that the father of the minor plaintiff owned the property in controversy, and that he being indebted to the defendant in the sums expressed in the four promissory notes referred to in the transcript, executed to his creditor the two mortgages under which the defendant claims that he ultimately acquired his title to the premises. Under the law of Louisiana, where the property is situated, the mortgages imported a confession of judgment for the amount which they were executed to secure, less what should be paid before breach of condition.

Default of payment having subsequently been made, the mortgagee filed his petition in the third district court, praying that the mortgagor might be summoned to answer and that he should be decreed to pay the amount of the debt secured, with mortgage privilege upon the property described in the mortgages. Process was issued, and the sheriff returned "not found," and that the mortgagor was out of the State. Due proceedings followed, which were that the mortgagee filed a supplementary petition setting forth the return of the sheriff, and prayed that a *curator ad hoc* might be appointed, and that he should be served with a proper citation. Pursuant to the prayer of the petition, the court made the requested appointment, and the curator having been duly served, appeared and filed an answer. Hearing was had, and judgment was entered for the mortgagee in accordance with the prayer of the petition.

Two years later the mortgagor filed his petition in the court, complaining that the judgment had been rendered against him without his having been previously cited to appear, as the law directs, and prayed for a devolutive appeal, which was seasonably granted by the court. Both parties appeared in the Supreme Court of the State, and the appellant having sug-

gested the death of the mortgagor and that his widow had been confirmed as natural tutrix of her minor child, she, the. tutrix, was made a party to the appeal.

More than a year had elapsed from the date of the judgment before the petition for an appeal was filed, but it was obtained under that provision of the code which makes an exception in favor of absentees, to whom a delay of two years is granted. *Lambert* v. *Conrad,* 18 La. Ann. 145. ·

Record proof showed that the mortgagor was an absentee, and the. appeal was taken to enable the appellant to contest the point that the service on the *curator ad hoc* was sufficient to put the rights of the absentee in issue in the foreclosure proceedings. All matters of the kind were necessarily in issue, and the parties having been fully heard, the court affirmed the judgment of the subordinate court.

Pending the appeal, which was devolutive only, the property was sold under an execution issued on the judgment rendered in the court of original jurisdiction, and the mortgagee became the purchaser at the sheriff's sale. By the record it also appears that on the 10th of March of the next year, and before the appeal was determined, the mortgagee and purchaser at the sale applied to the same district court for a monition to protect his title thus acquired, as he was authorized to do under the law and jurisprudence of the State. Rev. Stat. La. 469. Publication as required by law was duly made, and such regular proceedings followed as terminated in a judgment in favor of the mortgagee and purchaser, that the said sale be confirmed and homologated according to law.

Seven years subsequently, to wit, on the 29th of March, 1871, the widow of the mortgagor, as tutrix of the minor plaintiff, filed her petition in the Circuit Court of the United States, praying the court to enter a decree that the title to the property acquired by the "mortgagee and purchaser at the sheriff's sale is null and void." Due process was served; and the respondent appeared and filed an exception to the jurisdiction, which having been overruled by the court, the respondent filed an answer, setting up several defences.

Eight peremptory exceptions were also filed by the respon-

dent at a later period. Testimony was not taken by either party, and they, having waived a trial by jury, submitted the cause to the court. Arguments of counsel followed the agreement to submit the cause ; and the court, the district judge presiding, rendered judgment in favor of the plaintiff, holding that the judgment of the Third District Court of the city is null and void. Immediate application for a new trial was made, and the same court, at a subsequent session, the circuit and district judges presiding, granted the application. Leave being granted, · the plaintiff filed an amended and supplemental petition, in which she alleged two other grounds of claim : 1. That the property, at the date of the judgment in favor of the mortgagee and at the time of the sale, was in possession of the United States as abandoned property. 2. That there never was any valid or legal seizure of the property.

Four peremptory exceptions were filed by the defendant to the supplemental and amended petition : 1. That it changes entirely the cause of action and the demand set forth in the original petition. 2. That it alters the plaintiff's pleadings and the basis and foundation of the suit. 3. That it is vague and general, without any clear and precise statement of the claim. 4. That it changes the substance of the demand, the ground of claim, and the defence.

Those exceptions were heard separately from the other questions in the case, and having been overruled by the court, the defendant filed what is denominated in the record an exception and answer to the supplemental and amended petition, as follows : 1. That the petition sets forth no cause of action. 2. That the cause of action is barred by the prescription of five years. 3. That the exceptions pleaded to the original petition are a bar to the supplemental petition. 4. That it is not true that the property was in the possession of the United States, as alleged. 5. That the sheriff did legally seize the property, and that the title of the defendant is just and legal.

Formal application was made to set aside the agreement to waive a trial by jury, but it does not appear that it was pressed, and it was never granted. Instead of that, the record shows that the questions involved were reargued by the counsel on each side, and that the court entered judgment that the excep-

tions filed by the defendant be sustained, and that the plaintiff's suit be dismissed with costs. Exceptions in the usual form as at common law were filed by the plaintiff to the rulings and decisions of the court, and she sued out the present writ of error.

Two errors are formally assigned, to the effect as follows: 1. That the court, in view of the facts alleged in the pleadings, erred in deciding the cause without the intervention of a jury. 2. That the court erred in maintaining the peremptory exception of *res judicata*, and the peremptory exception that the judgment of the Third District Court confirming and homologating the sale made to the defendant, operates as a complete bar to the plaintiff's claim.

Beyond question, both of these peremptory exceptions were filed before the new trial was ordered; but inasmuch as they were subsequently sustained by the Circuit Court, and are embodied in the bills of exceptions exhibited in the record, they are properly here for re-examination under the present writ of error.

Viewed in that light, it follows that there are three questions presented for decision : 1. Whether the court erred in not submitting the case to a jury. 2. Whether the court erred in holding that the judgment of the Third District Court is conclusive that the sale was made according to law, and that such a judgment cannot be incidentally and collaterally attacked or annulled. 3. Whether the court erred in holding that the judgment of the Third District Court, pursuant to the process of monition, operated as a complete bar to the present suit.

Other questions were litigated in the progress of the suit; but inasmuch as these three are the only ones included in the formal assignment of errors, none other will be much considered.

Peremptory exceptions, in the jurisprudence of that State, are of two classes, of which the first is equivalent in import to a demurrer at common law, and of course must in all cases be adjudged by the court. Somewhat different rules apply in the second class, which, without going into the merits of the cause, show that the plaintiff cannot maintain the action either because it is prescribed or because the cause of action has been destroyed

or extinguished. Code of Prac. 1870, art. 345. Such an exception may be pleaded in every stage of the litigation previous to the definitive judgment, but the rule is that it must be pleaded specially, and that sufficient time must be allowed to the adverse party to make defence. Id. art. 346.

Nothing can be plainer in legal decision than the proposition that the two exceptions mentioned were well pleaded in the Circuit Court, as appears by the sixth and seventh articles of the answer which the defendant filed to the suit of the plaintiff. Conclusive support to that proposition is also found in the opinions of the Supreme Court of the State, set forth in the transcript and officially reported. *Samory* v. *Montgomery*, 19 La. Ann. 333; *Same* v. *Same*, 27 id. 50.

Much discussion of the first assignment of error is unnecessary, for two reasons: 1. Because the issues presented under the peremptory exceptions were issues of law for the determination of the court. 2. Because the parties waived a jury trial by consent, and stipulated that the case should be tried by the court.

Two judgments properly certified were introduced by the defendant in support of his peremptory exceptions, of which the first was the judgment of the Third District Court foreclosing the mortgages, as affirmed in the Supreme Court. Attempt is made to assail that judgment upon the ground that the absence of the mortgagor under the circumstances did not justify the appointment of a *curator ad hoc*, and the subsequent proceeding which followed that appointment.

Good reasons exist to conclude that the question argued here is the exact question which was presented to the Supreme Court of the State to which the case was appealed from the Third District Court. In disposing of the case the Supreme Court said that the only question presented was whether the mortgagor, at the time the service was made, was an absentee in legal contemplation, to whom a *curator ad hoc* could be appointed, and contradictorily with whom a suit might be prosecuted and a valid judgment obtained against the absent person. Such is the statement of the judge who gave the opinion, and the facts disclosed confirm the statement and show to a demonstration that the exact question presented

here was fully and expressly decided by that court. *Samory* v.
*Montgomery, supra.*

Proof of a conclusive character is exhibited in the record to
show that the parties in this case waived a trial by jury; but it
is not necessary to rest the case upon that proposition, as it is
clear that the issue presented by the peremptory exception
was one of law and not of fact; nor does it make any differ-
ence that the parties stipulated that the court should find the
facts, as the record shows that the judge presiding when the
first judgment was rendered complied with that part of the stip-
ulation. His finding of facts was before the two judges when
the new trial was granted, and constituted the foundation of the
court's action.

New pleadings were subsequently filed by both parties,
which presented issues of law for the determination of the
court, arising out of the duly certified copy of the judgment
rendered in the Third District Court foreclosing the mort-
gage as affirmed by the Supreme Court of the State, and the
monition judgment of the same court, from which no appeal was
ever taken.

Viewed in any light, it is clear that the first assignment of
error must be overruled.

*Res judicata,* as pleaded in the sixth peremptory exception
of the defendant, is in substance and effect the same as the plea
in bar of a former recovery at common law, in respect to
which, in order that it may be a valid defence and incapable of
collateral attack, it must appear that the opposite party had
notice of the suit, and that the court rendering the judgment
had jurisdiction of the case. Judgments, in the jurisprudence
of that State, as well as elsewhere, are open to inquiry as to the
jurisdiction of the court and notice to the defendant. *Christ-
mas* v. *Russell,* 5 Wall. 290; *Webster* v. *Reid,* 11 How. 437.

Definitive judgments, where the court has jurisdiction, and
due notice is given to the defendant, bear the force of *res judi-
cata,* and of course are conclusive of the rights of the parties.
Civil Code, art. 539.

Jurisdiction of the Third District Court is admitted, and
sufficient has already been remarked to show that the defend-
ant was an absentee, and that the notice given to the *curator ad*

*hoc* was a sufficient compliance with the requirement of law. Decisive proof of that proposition is found in the fact that he went voluntarily out of the jurisdiction, under circumstances that show that he cannot complain of legal proceedings regularly prosecuted against him in his absence. *Ludlow* v. *Ramsey*, 11 Wall. 581; *University* v. *Finch*, 18 id. 106.

When judgment was rendered for the mortgagee in the Third District Court, the mortgagor appeared and filed a petition for a devolutive appeal to the Supreme Court, which was granted for the reasons set forth in the petition, which plainly showed that the prior action of the court in appointing the *curator ad hoc* was correct.

Such an appeal does not operate as a *supersedeas*, and the mortgagee and purchaser of the property in the mean time applied to the clerk of the court, in whose office the deed of sale was recorded, for a monition or advertisement in conformity to an act of the legislature of the State, entitled "An Act for the further assurance to purchasers at judicial sales," and praying that the process might be granted requiring all parties alleging any informality or irregularity in the said sale to show cause, if any they had, why the sale should not be confirmed and homologated. Advertisements as required were duly published; and, no opposition appearing, the court rendered judgment that the said sale be confirmed and homologated according to law, as authorized by the legislative act, from which judgment no appeal was ever taken, and the record shows that the said judgment is in full force and unreversed. *Waters* v. *Smith*, 25 La. Ann. 515.

Purchasers at judicial sales may protect themselves from eviction of the property so purchased, or from any responsibility as possessors of the same, by pursuing the rules prescribed in that enactment. They must sue out the monition and advertise as required, calling on all persons who set up any right to the property in consequence of any informality or irregularity in the order, decree, or judgment, or in the appraisement, advertisement, or proceedings of the sale, or any defect whatsoever, to show cause within thirty days why the sale so made should not be confirmed and homologated.

Monitions of the kind must state the judicial authority under

which the sale took place, and must contain the same description of the property purchased as that given in the judicial conveyance to the buyer, and must also state the price at which the object was bought. Buyers may apply for the process; and the judges of the courts from which the orders, decree, or judgment were issued may grant the same in the name of the State, and affix to it the seal of the court. Thirty days having expired, the party may apply to the judge of the court out of which the monition issued, to confirm and homologate the sale; and, if no cause is shown to the contrary, it shall be the duty of the judge to enter such a judgment or decree.

Provision is also made that the judgment of the court shall be in itself conclusive evidence that the monition was regularly made and advertised; nor shall any evidence be received thereafter to contradict the same, or to prove any irregularity in the proceeding. Evidence to prove any such irregularity is declared to be inadmissible; and the further provision is that the judgment of the court confirming and homologating the sale shall have the force of *res judicata*, and that it shall operate as a complete bar against all persons, whether of age or minors, whether present or absent, who may thereafter claim the property in consequence of any illegality or informality in the proceeding, whether before or after judgment. Appended to that is the further provision that the judgment of homologation shall in all cases be received and considered as full and conclusive proof that the sale was duly made according to law, in virtue of a judgment or order legally and regularly pronounced in the interest of parties duly represented. Rev. Stat. La. 1870, 469, arts. 2370 to 2376, inclusive.

Irregularities in the suit of foreclosure under which property is sold for breach of condition may be conclusively validated by such proceeding, if the court which rendered the decree had jurisdiction of the case and the record shows that the party defendant was duly notified of the suit; but the better opinion is, that if the court had no jurisdiction in such a case, or if the process was not duly served, the proceeding under the statute authorizing the monition will not cure the defect. *Willis* v. *Nicholson et als.*, 24 La. Ann. 545; *Fix* v. *Dierker*, 30 id. 175; *Frost* v. *McLeod*, 19 id. 69.

Concede that, and still the concession will not change the conclusion in this case, as the jurisdiction of the court in the foreclosure proceeding is beyond question, and the decisions of the State court prove incontestably that the notice to the *curator ad hoc* was sufficient to support the judgment or decree against the defendant as an absentee from the State. .

Apply those rules to the case before the court, and it is clear that the judgment in the monition proceeding affords conclusive proof that the judicial conveyance of the property vested a complete title in the purchaser at the sheriff's sale. Should it be suggested that the judgment rendered in the monition proceeding was subsequent to the appeal from the Third District Court, the conclusive answer to the objection is that the devolutive appeal never operates as a supersedeas. *Arrowsmith* v. *Durell*, 21 Law Ann. 295; *Walker* v. *Hays*, 23 id. 176; *Samory* v. *Montgomery*, 27 id. 50; Code of Prac., arts. 578, 595; Rev. Stat. La., art. 3392.

Tested by these authorities, it is clear that the appeal constituted no legal obstacle to the subsequent jurisdiction of the subordinate court in rendering the judgment in the monition proceeding, from which it follows that there is no error in the record brought here by the present writ of error.

*Judgment affirmed.*

MR. JUSTICE FIELD and MR. JUSTICE BRADLEY did not sit in this case, nor take any part in deciding it.