The opinion of the Court was delivered by
Bermudez, C. J.
This is a petitory action. The plaintiff claims to have acquired, in 1854, the city lot, valued at $2,000, described in her petition. She alleges that she has never parted with it; that ibis in the possession of defendant, who asserts title of ownership to it, under a pretended purchase which has no validity, and she prays for judgment.
The defendant pleads the general issue, avers acquisition in 1809, from one Roder, whom he calls in warranty; Roder claims under a sale to him in 1867, made by Watson, whose executrix and heirs called to defend the suit, set up ownership, by reason of an adjudication made in 1860, in the suit of the City of New Orleans vs. Georgiana Roberts, before the Fifth District Court for the Parish of Orleans, called in warranty. The city avers the regularity, validity and binding effect of the proceedings for expropriation.
The defendant and Ms warrantors plead the prescriptions of five and ten years.
There was judgment sustaining the defense of prescription, and the plaintiff has appealed.
She asbs the reversal of the jrtdgment on four grounds :
1. The Fifth District Court was without jurisdiction, rations materice.
2. There was no law authorizing the writ of seizure and sale, and there was no legal seizure.
3. . She never was properly before the court.
4. No legal assessment was shown.
*207 i.
The suit to which reference is made, was one in which the City of New Orleans claimed in 1860, by petition, forty-five dollars, ($45,) from the defendant therein, as the City tax due on the very real estate in dispute. On the same day, 10th of October, on motion of the Assistant City Attorney, the defendant being absent, the court appointed a curator ad hoe to protect her interest, and rendered the decree prayed for, directing that a writ of seizure and sale issue, that the property be sold and the proceeds applied to the payment of the tax, with an ■exclusive privilege. The writ issued, the property was advertised and adjudicated.
The Fifth District Court had jurisdiction over the subject matter and could, therefore, make the orders, render the judgment, issue and execute the writ to enforce it.
By the Constitution of 1852, which was in force in 1860, when the suit was brought and the sale took place, it was provided that the judicial power of the State would be vested in a Supreme Court and in such inferior courts as the legislature may from to time ordain and ■establish, and in justices of the peace.
It is unnecessary to determine whether, at that date, the jurisdiction of the Fifth District Court, which had been previously created, and wliich then existed, is to be tested, either by the Acts of 1853, Nos. 181 and 229, or by those of 1855, Nos. 344, 225,345. It. is sufficient that the legislature had the right to determine the jurisdiction of the District Courts for the Parish and City of New Orleans, in tax matters, and that it had effectually done so, first, by Acts 85 of 1858, and next, by Act 175 of 1859, which is supplementary thereto and not in conflict therewith.
By Section 2, of the last Act, the District Courts mentioned in it, and of which the Fifth District Court was one, were given jurisdiction in all tax cases instituted by the City of New Orleans, regardless of the amount involved. The suits were required to be brought in a specified alphabetical order, and jurisdiction was to vest accordingly.
II.
The question of jurisdiction being determined, those touching the validity and regularity of the proceedings next present themselves.
The proceedings were specially conducted under the provisions of the act of 1858, which appear to have been complied with.
That the judgment is rendered in broader terms or is couched in language somewhat different from that in which an order of executory process would have been, can be no serious objection.
There is nothing to show that a fieri facias issued upon it, and that *208 property other than that described in the tax receipt, has been levied upon.
On the contrary, in strict pursuance of the judgment which directed it, a writ of seizure and sale, eo nomine, issued and was executed.
It is immaterial whether the curator ad hoc was appointed before or after the judgment was rendered and signed. The Court appointed him on the same day. He accepted the trust. The process of tine court seems to have been regularly served upon him. The property was seized, advertised, offered for sale on the 12th of November, 1860, and adjudicated to Mark Walton, for $350. The plaintiff does not pretend that she was not absent. An allegation in her petition, it seems, would defeat such a charge. The return of the sheriff on the writ shows that he seized the property and notified the curator. His return was not charged with fraud. It is unimpeached and uncontradicted. It must stand, and makes proof of its recitals. In the absence of any attack and px-oof in sxxpport, by the plaintiff, the presumption omnia rite acta may well be invoked and applied in this instance.
III.
The defendant in the case was cited by advertisement, as provided by the Acts of 1859. The name published in the list of deliixquent tax. payer's was that on the tax receipt, which itself is taken from the assessment x’olls.
It was as matter of no legal moment then, audit has not become such since, for the purpose of that suit, whether the defendant in the case was married or not at the time. The bill and the suit were merely against M. Georgiaxm Roberts. If she was married, her hxxsband was not a necessary party. Joining the husband with the wife, in judicial, proceedings against the latter, is xxot a constitutional requirement. It is a mere statute which can he deviated from by legislation. The form ixx which parties may he brought to the bar of justice, in civil matters, fluctxxates with the legislative will. It is required in ordinary suits only because the law says so, but it is not required in suits for the collection of public revenues. Were such not the law, it might become necessary for the legislature to create a special organization to watch and report the continual changes of such status on the part of the female portion of the tax paying community. The legislature has dispensed from the formality of joining the husband with the wife, in suits fox* the collection of the public revenxxes. It has prescribed other and distinct formalities, and indicates one system of proceedings for ordinary actions and another for tax suits, against married women. 28 A. 677.
*209 IV.
The plaintiff has not shown in what particular the assessment of her property was defective. The burden was upon her to do so, and she has failed.
Tlie two proscriptions, that of five and that of íe» years, set up by the defendant, and his warrantors, are completely destructive of plaintiff’s action.
All informalities connected with or growing out of any public sale, made by any person authorized to sell at public auction, are prescribed after the. lapse of five years from the time of making it, whether against minors, married women, or interdicted persons. R. S. 3392; 2376 , R. C. C. 3543.
The irregularities and defects for which the law provides can be cured by a judgment on a monition proceeding, are likewise curable by the lapse of live years. The prescription of that term is productive of a like effect and is equivalent, to such judgment in its operation. R. S. 3392, 2376; 32 A. 914; 33 A. 673, 1043, 1175; 99 U. S. 482.
The sale in the tax case was by the sheriff, under a writ from a competent court. The deed was recorded in the conveyance office on December 22, 1860. This suit was brought on January 30, 1874. The acquired prescription enures to tlie benefit of all concerned.
The defendant and Ms warrantors have exhibited just, and translative titles, supported by the valid judgment of a competent tribunal, on writ duly issued and executed, a sheriff’s deed in proper form, regularly and seasonably recorded. They are entitled to the protection of the law. 2 A. 509; 3 A. 8; 8 A. 138; 9 A. 552, 13 A. 450; 6 N.S. 462; 4 La. 121; 16 La. 433, 442.
Under Articles 3478 to 3486, E. C. C., the prescription of ten years is fully sustained.
It is ordered that the judgment appealed from, be affirmed with costs.
Eeliearing refused.