## WILLIAM M. BURGIN, trustee,

*v.*

## JOHN B. RUTHERFORD.

[Filed November 16th, 1897.]

1. A purchaser at a tax sale, under the act entitled "An act concerning the settlement and collection of arrearages of unpaid taxes, assessments and water rates or water rents, in cities of this state, and imposing and levying a tax, assessment and lien in lieu and instead of such arrearages, and to enforce the payment thereof, and to provide for the sale of lands subjected to future taxation and assessment," passed March 30th, 1886, commonly called the "Martin Act" (*Gen. Stat. p. 3370*), does not acquire any title to the land so purchased until a deed therefor be delivered to him as provided in that act.

2. When the sale is made for taxes assessed after the date of the act, the owner or any party interested may redeem the lands in the manner provided by the act, at any time within one year from the time of the sale.

3. During this period the interest of the purchaser remains a mere lien on the premises.

4. A mortgagee who forecloses, may make the purchaser at the tax sale a party defendant as a lienholder, and if redemption of the tax lien be effected pending the foreclosure suit, may enforce the collection of the redemption money in connection with the proceedings to foreclose the mortgage.

On bill, answer and proofs.

The complainant in this case, William M. Burgin, trustee under the will of Charles F. Burgin, deceased, filed his bill to foreclose a mortgage made by James E. Day and wife to Randall E. Morgan, bearing the date October 14th, 1886, recorded in the Camden county clerk's office October 23d, 1886, on a lot of land in the city of Camden.

The only question in controversy arises touching the interest of the defendant Joseph Kaighn in the mortgaged premises. The bill states that on August 27th, 1896, J. Willard Morgan, city solicitor of the city of Camden, under the act of March 30th, 1886, concerning the settlement and collection of arrearages of taxes, &c., and its supplements and amendments, commonly called the "Martin Act" (*Gen. Stat. p. 3370*), caused the mortgaged premises to be sold to the defendant Joseph Kaighn for the sum of $40 to satisfy the taxes and assessments, with interest and costs, for the years 1893, 1894 and 1895, with costs, &c. The complainant alleges that Kaighn claims to have a first lien on the premises paramount to and ahead of the complainant's mortgage by virtue of this tax sale.

The defendant Kaighn answers the bill, admits the mortgage of the complainant, and admits the tax sale, and his purchase for the taxes assessed on the premises for the year 1893, and remaining unpaid thereon, under the provisions of the "Martin Act," and claims that by reason of the tax sale and his purchase for $40 he, Kaighn, is the owner in fee-simple of the premises, and has title paramount to and ahead of the complainant and

those through whom the complainant claims. The defendant Kaighn further says that the defendant Rourke, who is in possession of the premises, holds the same under his lease and not otherwise, and he denies that the possession of the defendant Rourke is subject to the complainant's mortgage, and denies that the complainant's mortgage is a prior lien thereto, and alleges that Rourke's title under him, Kaighn, is paramount to and ahead of the complainant's mortgage.

*Mr. Martin V. Bergen, Jr.*, and *Mr. Martin V. Bergen*, for the complainant.

*Mr. Samuel H. Richards*, for the defendant Joseph Kaighn.

GREY, V. C.

Neither the bill nor the proofs raises any question as to the authority of the board having control of the finances of the city, to order a sale for the taxes and assessments named in the bill, at the time when it is stated to have been made. The validity of the tax sale is not disputed by the pleadings, proofs, or in argument, and I shall consider the case as it has been presented.

Upon the hearing it appeared that the mortgaged premises had been sold for taxes under the provisions of the " Martin Act," on August 27th, 1896, to the answering defendant Joseph Kaighn. He was made a defendant upon the averment that he claimed, by reason of this purchase, to have a first lien on the premises for the amount of the purchase-money paid, with interest and costs. Had the defendant answered the bill setting up his purchase at the tax sale, and claiming that by it he had acquired a lien to the amount of his purchase-money with interest and costs, as provided by the act, which was superior to the mortgage, he would have been entitled either to have been dismissed, allowing his lien to remain upon the premises to be redeemed as provided for in the " Martin Act," or to have had the amount of his lien ascertained and decreed to be first paid out of the proceeds of sale of the mortgaged premises.

The defendant Kaighn admits by his answer that his interest in the premises has been acquired by purchase at a tax sale under the "Act concerning the settlement and collection of arrearages of unpaid taxes," &c., commonly called the "Martin Act" (*Gen. Stat. p. 3370*), but he avers that by reason of this sale he has become the owner in fee of the mortgaged premises and has a title superior to the admittedly prior mortgage of the complainant. He makes no allegation that any of the incidents subsequent to the sale, such as notice to owners and mortgagees, expiration of a year after the sale, receipt of a deed, &c., which the act prescribes as prerequisites to the vesting of a fee, have happened. *Gen. Stat. pp. 3374, 3384*, ¶¶ *422, 453*. Nor was there any proof that any such circumstances had come to pass, nor could there be, as sufficient time had not elapsed before redemption was effected.

The defendant Kaighn insists that this claim shows a legal title, adverse to the complainant's mortgage, and that this court has no jurisdiction to pass upon the issue thus raised, and can only dismiss the defendant, with costs, &c.

The allegations of the bill and the admissions of the answer, when considered in connection with the provisions of the Martin act under which the defendant purchased, show that he has no title whatever in the mortgaged premises. His right depends entirely upon the provisions of the act, which nowhere gives the purchaser at the tax sale any title until he shall not only have paid the price, but shall also have proved that he has served notice of the sale upon the owners and mortgagees, and that after the expiration of one year from the time of sale he has received a deed. When these things have been efficiently done, and not until then, the purchaser at the tax sale takes a "fee-simple absolute free of all encumbrances." *Gen. Stat. p. 3384* ¶ *453*. The mere claim that he has a legal title when all the facts are admitted and before the court, which show that he has not, cannot give this defendant a *status* to challenge the jurisdiction of this court to pass upon his rights in the mortgaged premises. Until this title actually vests by the delivery of the deed the interest of a purchaser at a tax sale under the Martin act remains a

mere lien; the right of redemption is outstanding in the owner and mortgagee. *Gen. Stat. p. 3372* ¶ *415; Gen. Stat. p. 3374* ¶ *422.* It is the peculiar province of this court to adjust and enforce the equities attendant upon the redemption of a title from the encumbrance of liens. I have no doubt that such a jurisdiction may be exercised under the general equity powers of this court; but if there were any question about it, the supplement to the Martin act, approved May 23d, 1890 (*Gen. Stat. p. 3383* ¶ *449*), in express terms recognizes not only the right of the mortgagee to redeem the lien under the tax sale, but, having redeemed it, to hold and enforce it against the lands " by any appropriate proceeding at law or in equity," and the steps taken to enforce this redeemed lien " may be independently of and before, or in connection with proceedings to enforce payment of the mortgage."

It remains to be considered whether the lien under his purchase, which the defendant Kaighn had acquired, has been redeemed by the complainant. The counsel of the defendant objected to the proof of this discharge by redemption, because it was not alleged in the bill of complaint. When the bill was filed, the payment which is claimed to have effected the redemption had not been made. There was no obligation upon the complainant mortgagee to make his payment of redemption before the bill was filed, nor is there any reason why this court should not, in a foreclosure suit on final hearing, ascertain whether a lien existing when the bill was filed, has meanwhile been discharged. When the defendant was brought into court on the allegation in the bill, which showed his claim of lien, he filed his answer substantially admitting the facts set up in the bill as to his purchase at the tax sale, but claiming that the legal operation of that sale was to vest in him a title in fee in the mortgaged premises. When issue was joined on this answer, the question to be determined was that tendered by the answer, namely, had the defendant any *status* as an owner in fee, as he alleged, or was his interest merely a lien? If it appeared that he held a legal title which was adverse to that of the mortgagee, he might fairly claim to have disclosed his title, and thus to have

complied with the rule declared in *Chadwick* v. *Island Beach Co., 16 Stew. Eq. 616,* by the court of errors, and he might ask to be dismissed so that his legal title might be tested in a court of law. When, however, the pleadings and the provisions of the public statute show that the defendant has no title, but only a lien, which the complainant claims to have redeemed since the bill was filed; there is no occasion to dismiss the defendant, as the whole matter is one which is within the ordinary jurisdiction of this court, and its consideration in this suit is also in accordance with the statutory provisions of paragraph 449, above cited; for how can the complainant mortgagee who claims to have redeemed the defendants' lien, enforce it against the mortgaged premises, to recover his money in this foreclosure proceeding, unless he be permitted to show that he has actually redeemed in the mode prescribed by the statute?

Proceeding to inquire into the fact of redemption by the complainant mortgagee. The statute provides for the sale not only of lands in arrears of payment of taxes at the time the act was passed, in 1886, but also for sales because of future taxes which may be in arrears. *Gen. Stat. p. 3372 ¶ 415* and *Gen. Stat. p. 3384 ¶ 453* direct the mode of selling for taxes in arrears when the act was passed, and *Gen. Stat. p. 3374 ¶ 422* directs the mode in cases of taxes levied after the passage of the act (as in the case now under consideration) and declares that the deed shall have the same effect as in cases of proceedings where taxes were in arrears when the act was passed, but the deed shall not be given for one year after the time of the sale, during which the owner may redeem on the same terms as are provided in the act.

By *Gen. Stat. p. 3372 ¶ 415* the mortgagee who redeems must pay to the city treasurer for the use of the purchaser the sum paid by him at the sale—this sum was $40; by the same paragraph he must also pay the interest at ten per cent. from the date of sale, interest should therefore be added from August 27th, 1896, to October 22d, 1896, the day of the claimed redemption, at ten per cent. per annum—sixty-three cents; by the same paragraph the mortgagee who redeems must pay for each notice served $1,

and the affidavit proving such service is required to be filed in the office of the city clerk and is made "evidence in all courts and places of the· facts therein stated;" the affidavit so filed shows three notices served—$3; total, $43.63.

These are all the payments which, in my view of the provisions of the statute, were needed to be deposited with the city treasurer in order to redeem the mortgaged premises.

The statute further declares that "the certificate of the city treasurer stating the payment and showing what property such payment is intended to redeem, shall be evidence of such redemption and payment." *Gen. Stat. p. 3381 ¶ 442.* Such a certificate is produced, showing the deposit on October 22d, 1896, for redemption of the mortgaged premises by the complainant, to have been $53.67. This sum is more than sufficient to make the full amount necessary to redeem the defendant Kaighn's lien.

He claims, however, that additional items must be paid before redemption can be effected by the deposit made with the city treasurer. There were four additional notices which the defendant Kaighn claims were served. Of these services there is no proof by affidavit in compliance with the statutory requirements. This whole proceeding is a purely statutory creation; the statutory gift of the right to be paid for serving the notices is accompanied by a prescription of the mode in which the fact of the service shall be proved, and I think the observance of the mode of proof is a necessary part of the exercise of the power to collect payment for the services. Such proof is safe and proper as a verification of the fact of service of notice, and is also essential to bind the purchaser at the tax sale, to a statement with certainty of the amount he may rightfully claim from the owner or mortgagee who seeks to redeem. If fees may be claimed for notices served, of which no proof is made by affidavit, the very precise requirements of paragraph 415, as to verification and filing of affidavit, would seem to be of no force whatever. Because not proved as required by paragraph 415 above cited, no fees should be allowed for the four additional notices.

The defendant Kaighn also claims an item of fees paid the city for deed, $5. The only deed mentioned in the sections in the statutes applicable to the sale made of the mortgaged premises, is that referred to in *Gen. Stat. p. 3374 ¶ 422* to be given to the purchaser at the tax sale, one year after the time of the sale. In this case no such deed was given, nor was any due to Mr. Kaighn, as the redemption money was deposited within less than three months after he purchased, and less than two months after he gave notice. I think this fee for a deed cannot be sustained.

The party redeeming the lands must pay to the purchaser "all the costs and expenses necessarily incurred in proceedings taken for the purpose of perfecting title thereto, including fees for searching at the rate allowed by law to the county clerk, or registrar of deeds, for his services, but not including counsel fees." See section 1 of supplement approved April 5th, 1892, as amended by supplement approved March 16th, 1893, *Gen. Stat. p. 3389 ¶ 477*. Under this section it is claimed by Mr. Kaighn that searching fees to the amount of $10 should be allowed him, and that the costs of Mr. Kaighn's defence in this suit must also be awarded as necessarily incurred in proceedings taken to perfect the title. But section 5 of the act of April 5th, 1892 (*Gen. Stat. p. 3386 ¶ 462*), expressly declares that no such costs and expenses shall be allowed "unless the mayor of the city * * * shall approve of the amount," &c. Neither the item of $10 for searching fees nor any other which could be claimed under this head, has been approved by the mayor, and therefore they cannot be awarded.

It is objected by the defendant Kaighn that although *Gen. Stat. p. 3381 ¶ 442* obliges the mortgagee to pay "any other tax or assessment chargeable thereon which the purchaser or his legal representative or assigns may have paid since the sale," with interest, &c., it has not been shown that there are no such taxes, and therefore redemption is not complete. As the purchase was made on August 27th, 1896, and the redemption by deposit was accomplished October 22d, 1896, and there has been no proof nor any claim of any assessment between those dates,

43

the court will not presume that a special or additional tax, which the defendant neither alleges nor proves, was not only imposed on the premises, but also paid by the defendant during this eight weeks that he held his lien unsatisfied.

I will advise a decree of foreclosure according to the prayer of the bill, notwithstanding the answer of the defendant Kaighn, enforcing also the payment of the $43.63 with interest according to the statute.