SUCCESSION OF EMMA WILLIAMS MARTIN

                and                                    Nos. 8282

P. J. FLANAGAN                                         and   8464

        vs          **8482**                           Consolidated

LAND DEVELOPMENT CO.

June 19th, 1922.

Court of Appeal
PARISH OF ORLEANS
FILED June 19-22
R. Transleur

CHARLES F. CLAIBORNE, JUDGE.

The Succession of Emma Williams Martin was opened in the Civil District Court, under the No. 105,354, and was allotted to Division E. P. J. Flanagan was appointed Administrator.

Flanagan brought suit against the Land Development Company to annul a tax sale of certain property owned by Emma Williams. This suit was allotted to Division A of the Civil District Court and bore No. 105,440. There was a judgment in favor of the Succession of Williams annulling the tax sale, and in favor of the Land Development Co. against the Succession of Williams, for the price paid by the Company at the tax sale and for all other taxes paid by it. See 145 La. 843. This judgment was recorded in the District Court, and by consent, a rule was made absolute on November 7th, 1919 ordering

"execution to issue in favor of defendant (the Land Development Company) for each and all of said items of taxes, interest, and costs".

Under this judgment the property recovered by the Succession of Williams was sold under a Fi.Fa. issued November 17th, 1919, The price of sale was insufficient to satisfy the writ, leaving a balance unpaid of $171.73.

Thereafter Flanagan, Administrator, filed suit against the Land Company to recover from it the rents and revenues of the property collected by the Land Development Company during its possession of the property alleged to amount to $2,970.00, bearing No. 131,319 Division E. The Land Company then issued an alias Fi.Fa. and caused to be seized all the rights, title and interest

152

of the Succession in the suit against it above mentioned.

On May 31st, 1920 by order of the Judge of Division A, the suit of Flanagan vs Land Co. No. 105,440 was transferred to, and consolidated with, the Succession of Emma Williams No. 105,354 Division E, on an ex parte application of the Administrator of said Succession.

I. On June 25th, 1920, the Judge of Division A rescinded the above order.

From this judgment the Succession appealed on November 15th, 1921.

II On June 29th, 1920, the Succession filed in No. 105,440, Division A, a rule to set aside the seizure of its suit against the Land Company, No. 131,319, on the ground

"that the issuance of a writ of Fi.Fa. on an ordinary judgment against a Succession is illegal, null, and void".

The Land Company excepted that the proceeding by rule was not authorized by law, and that the judgment heretofore rendered on November 7th, 1919 ordering the execution of the Judgment of the Supreme Court was res judicata.

The Court by judgment rendered July 19th, 1920 maintained the exception of res judicata and dismissed the rule. From this judgment the Succession appealed on November 15th, 1921.

III. On March 18th, 1921, the Succession filed in No. 105,440, Division E, a petition praying for a judgment enjoining the Land Company from proceeding under the alias Fi. Fa. issued from Division A to sell the rights, title, and interest of the Succession in its suit No. 131,319 against the Land Company. A preliminary writ was issued as prayed for. The Land Company then took a rule to set aside the injunction on the ground that Division A alone was seized of jurisdiction of the suit of the Succession of Williams vs the Land Company; that it had set aside its order transferring the case to Division E, and that therefore Division E had no jurisdiction of the injunction. By judgment rendered April 1st, 1921, the judge of Division E made the rule

absolute to the extent of setting aside the preliminary order of injunction rendered March 18th, 1921.

From this judgment the Succession appealed.

I.

Counsel for appellee argues that no appeal can be taken from an order setting aside a previous order to transfer a case from one division of the Civil District Court to another. In this he is right. 34 A. 1216. If the appeal from that order was the only appeal in the case, we would have to dismiss it. But in the same case another judgment was subsequently rendered maintaining an exception of res judicata, and dismissing plaintiff's suit. This was a final judgment as it was the last one which could have been rendered in the case by the District Judge. 117 La. 221. Plaintiff appealed from the judgment and his appeal carried with it appeals from all previous interlocutory judgments. 143 La. 480. Shroeder vs Conner Ct. App.

The seizure of plaintiff's suit was made May 25,1920. The order to consolidate was rendered May 31, and cancelled June 25, 1920 and signed November 10th, 1921. The motion to set aside the seizure was made June 1st, 1920.

It is settled law that when a Court is seized of jurisdiction of a subject matter or of property, no other court may assume jurisdiction of the same matter, and that all questions of ownership of the property in the control of the Court, or of privileges upon said property and its proceeds, must be determined by the Court in possession of the property.

C. P. 126 & 5 provides that:

"Whenever a conflict of privileges arises between different creditors, all the suits and claims shall be transferred to the Court by whose mandate the property on which the privilege or right of mortgage is to be exercised, was first served on mesne process, or definitive execution; and said Court shall proceed to class said privileges and rights of mortgage according to their rank and dignity, in a summary manner

·after notifying all parties interested".

Sec. 10 of Rule VIII of the Rules of the Civil District
Court adopted June 22,1915 reads:

"Whenever, by reason of the institution or pendency of
two or more suits, by creditors claiming as against a
common debtor, conflicts may arise as between such cre-
ditors, whether as to the validity of their claims, or
to the legality of the seizure levied, or as to the order
in which they shall be paid, and there is a common fund,
which is the subject of such controversy, all such
suits shall be assigned to the division first acquiring
jurisdiction quoad such funds".

This section has been repeated in the Rules adopted Octo-
ber 15th, 1921,

In the case under consideration,the suit seized is in
Division E and so is the Succession to which the fund will be-
long if realized.

In 10 La. 587 the Court said that the Court of Probates
was the proper tribunal to apply to to prevent funds of a suc-
cession from being diverted.

As we said in our opinion on the motion to consolidate
the two transcripts for the purposes of the appeal, the question
involved before both divisions is whether a judgment creditor
has the right to issue a fifa against a succession and seize the
assets in the hands of the Administrator. It is to the interest
of justice that this question should be referred to the judge
of one Division, and it is more in accordance with the rules of
law and of court that the question be decided by the Judge of the Court having
jurisdiction over the Succession and its property.

II.

We do not think that the exception of res judicata should
have been sustained. One of the elements of the plea is wanting.
The thing demanded must be the same. In consenting that execu-
tion of the judgment of the Supreme Court take place and that
the property recovered be sold to satisfy the claims of both

155

parties, the Administrator of the Succession of Williams cannot be considered as having consented that a suit which he had not then filed should be seized under an alias fifa against the Succession-, or that the order of execution should extend to that asset. C. C. 2286 (2265).

The right to issue the fifa or to seize the assets of the Succession was never raised nor passed upon. 12 R. 327; 35 A. 298; 38 A. 854; 50 A. 637.

"A decree of res judicata applies only to matters directly adjudicated". 50 A. 637 (640); 116 La. 507; 119 La. 555.— 3 2 a 9 6 8 —

## III.

As we have just decided that the case of Flanagan vs Land Company No. 105,440 Division A was properly transferred to Division E, the judgment of said Division E setting aside its preliminary injunction must itself be set aside.

It is therefore ordered that the following judgments be reversed and annulled, to-wit:

1o The judgment of Division A in No. 105,440 entitled Flanagan vs Land Co. rendered June 25th, 1920

2o The judgment of Division A in same No. 105,440 rendered July 19th, 1920

3o The judgment of Division E in the Succession of Emma Williams No. 105,354 and Flanagan vs Land Development Co. No. 105,440 rendered April 1st, 1921.

And it is now ordered that the suit of Peter J. Flanagan, Admtor, vs The Land Development Co. No. 105,440 of the Civil District Court, Division A, be transferred to Division E of said Court and be consolidated with the Succession of Emma Williams Martin No. 105,354 of the Civil District Court, Division E, and that these cases be remanded to be tried according to law and to the views herein expressed - the costs of appeal to be paid by the Land Development Company, and costs of the District Court to await the final determination of the suits.

Judgments reversed and cases remanded.

June 19th, 1922/