## DANIEL J. COLTON v. RUDOLPH G. SALOMON AND WALTER J. SALOMON.

Submitted July 8, 1901—Decided November 11, 1901.

1. An extension of the principal of a debt, on condition that interest be paid semi-annually in the meantime, will cease to be operative if default be made in such payment of interest.

2. The statute (*Gen. Stat., pp.* 2111, 2112) requiring a mortgage securing a bond to be foreclosed before suit may be brought on the bond, is not applicable, unless the property mortgaged is within this state.

On demurrer to declaration.

This action was brought February 23d, 1901. The declaration counts on a written assumption by the defendants, on June 9th, 1899, of a bond for $7,500 held by the plaintiff, dated September 23d, 1898, payable in two years from its date with interest semi-annually, secured by a mortgage on land in New York whereof the defendants had become owners. The bond and mortgage provided that after default in payment of interest for thirty days the principal might become due. The instrument sued on, as set out in the declaration, was executed by both parties to this suit. It recites that the defendants had requested the plaintiff to extend the time of payment of the mortgage and had agreed to assume the payment thereof in consideration of such extension. The plaintiff agrees to extend the payment of the principal sum secured by the mortgage to May 13th, 1902, *provided,* that the defendants "shall punctually pay the interest on the bond and mortgage at the times therein provided for." The defendants "assume the payment of said bond and mortgage, and covenant to pay the said principal sum of $7,500 on May 13th, 1902, and to pay the interest thereon in the meantime, semi-annually, on September 23d and March 23d in each year."

The declaration alleges that the interest falling due on the bond on March 23d, 1900, and on September 23d, 1900, has not been paid and that the plaintiff elects that the principal shall be due.

The defendants interpose a general demurrer, and specify as causes that the principal of the mortgage will not be due until May 13th, 1902, and that default in payment of interest does not authorize suit for the principal; and further, that it does not appear that the plaintiff has foreclosed the mortgage.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *Thomas Anderson.*

For the defendants, *McCarter, Williamson & McCarter.*

The opinion of the court was delivered by

COLLINS, J.   The objections of the defendants are not applicable to a recovery of the overdue interest, and for that reason alone the demurrer might be overruled, but as the questions argued must be met at some time in the progress of the suit it is due to the parties to resolve them now.

The assumption of the debt, both as recited and as declared in the instrument in suit, was an absolute one.   The extension was only provisional.   Upon failure of the defendants to pay the semi-annual interest the extension was no longer obligatory on the plaintiff.   The importing into the declaration of the thirty-day clause in the bond and the allegation thereunder of election that the principal should be due, were supererogatory.   The plaintiff's right is independent of that clause, but the defendants might reasonably argue for a construction of the agreement that would give them the advantage of the thirty days' grace.

We do not fail to notice that the direct covenant of the defendants to pay principal is so to pay on May 13th, 1902, but that covenant is not inconsistent with the absolute assumption of the debt.   It was in effect a covenant to pay in accordance with the extension.   That failing, through the default of the defendants, the plaintiff's right may safely rest on the assumption.   We are referred to a *dictum* in a case in New York that seems to imply that in the opinion of the court an extension, conditioned on due payment of interest, would survive a default in such payment.   *Burt* v. *Saxton, 1 Hun* 551. If such is its effect, we disapprove that *dictum.*

The other objection of the defendants is also without foundation.   It is deduced from the statute that requires proceedings for the collection of a debt secured by bond and mortgage to be first by foreclosure of the mortgage and sale of the mortgaged premises, and, only after that, by suit on the bond for deficiency.   *Gen. Stat., pp.* 2111, 2112.   It may be that this

statute applies to an assumption of such a bond, but it is quite clear that it does not apply where the mortgage is on property outside of this state, for it assumes to regulate foreclosures and sales, and this would be impossible extra-territorially. The provision that suit on the bond shall open the sale and give a new right to redeem from the mortgage could not be effectuated outside of the state, and therefore it must be that the restriction, of which that provision is an incident, was not intended to be imposed where the property mortgaged should be so situate.

The demurrer will be overruled.