COURT INVESTMENT COMPANY ET AL., PLAINTIFFS-AP-
PELLANTS, v. GERARDO SPATOLA, Jr., ET AL., DE-
FENDANTS-RESPONDENTS.

Submitted October 31, 1947—Decided January 29, 1948.

For the plaintiffs-appellants, *Philip Mitchell.*

For the defendants-respondents, no appearance.

The opinion of the court was delivered by

Donges, J.   This is an appeal from a judgment of the Supreme Court entered after the Circuit Court Judge struck the complaint and the amended complaint upon motions of the defendants-respondents.   The Circuit Court Judge filed no opinion and the respondent has filed no brief, so the notice of motion to strike must be examined to determine the grounds of the action of the court below.   The amended complaint alleges that in May, 1930, the defendants executed a bond and mortgage in the sum of $8,800 to one Peter Nisivoccia.   This was a second mortgage upon the premises.  Thereafter, the date not being stated, the holder of the first mortgage, Humboldt Building and Loan Association, foreclosed its mortgage, making the defendants herein and the holder of the second mortgage, Nisivoccia, defendants.   This suit went to final decree, the premises were sold and the lien of the second mortgage was cut off, there being no surplus over and above the first mortgage at the sale.   The complaint further alleges three assignments of the second mortgage and the accompanying bond, the third assignment thereof being to plaintiff.   It also alleges there is due on the bond the full sum of $8,800 with interest from the date thereof.

The amended complaint followed a motion to strike the original complaint, the order dealing with that motion not being printed in the state of case. The motion to strike the amended complaint was based upon the grounds that it failed to allege facts from which the court could determine whether or not a credit was due by virtue of the sale in foreclosure; that it failed to show the security of the property was exhausted; that it was filed without leave of court in that, although leave was given, no leave of court was obtained to substitute new parties plaintiff; that in the foreclosure certain tenants were not made parties; and that the plaintiff had no corporate existence.

As to the grounds concerning the substitution of parties and the corporate status of the plaintiff there is no merit. The original complaint named as plaintiffs "Court Investment Company, a corporation, and Philip Gaudiosi, sole acting trustee in liquidation of Court Investment Co., a corporation." The amended complaint named Court Investment Company as plaintiff. There was no substitution of parties plaintiff in the omission of one of them. It appears from a certificate of the Secretary of State that the Court Investment Company was a corporation in good standing at the time of the institution of the suit.

The other grounds of the motion to strike all go to the sufficiency of the foreclosure suit to lay the basis for a deficiency suit on the bond. But the mortgage foreclosed was not that of the plaintiff's assignor. It was the first mortgage, and the then holder of the second mortgage was named a party and the lien of that mortgage was cut off. In such a situation, where a first mortgage is foreclosed and the second cut off, the holder of the second mortgage is relegated to the position of a holder of a bond without security, and the statute requiring the holder of a mortgage to first exhaust his remedy against the security has no application to the holder of such second mortgage. *Echikson* v. *Zalenski,* 106 *N. J. L.* 508, and cases there cited.

It seems clear, therefore, that the complaint stated a cause of action sufficient to require the defendants to interpose any defense they may have by way of answer. We are of opinion

that the complaint was erroneously stricken and the judgment is accordingly reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 14.