IRVING J. SCHWARTZ AND SYLVIA H. SCHWARTZ, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. BENDER INVESTMENTS, INC., A N. J. CORPORATION, JOHN S. BENDER, AND MARGARET I. BENDER, HIS WIFE, DEFENDANTS-APPELLANTS.

Argued May 11, 1971—Decided June 28, 1971.

Mr. *John S. Bender* argued the cause for appellants.

Mr. *Andrew M. Epstein* argued the cause for respondents (*Messrs. Epstein, Epstein, Brown, Bosek and Turndorf,* attorneys; *Mr. Andrew M. Epstein,* on the brief).

PER CURIAM. On August 20, 1969 defendant, Bender Investments, Inc., made and delivered to plaintiffs a note in the principal sum of $2,900. The note was secured by a mortgage executed and delivered by the same defendant covering properties in Orange and East Orange. Payment of the obligation evidenced by the note was guaranteed by the individual defendants, John S. Bender and Margaret I. Bender, his wife. The debt being in default, plaintiffs commenced suit in the Essex County District Court on the note and on the individual guaranties. Various defenses were interposed and plaintiffs moved for summary judgment. Upon the argument on the motion defendants, in open court, waived all defenses except the contention that no action could be brought on the note until the mortgage had been first foreclosed. The motion was granted and judgment entered in favor of plaintiffs against all defendants in the

amount of $2,692.93 together with costs. While defendants' appeal was pending in the Appellate Division, this court granted certification.

■■ It has long been settled law in New Jersey that when an indebtedness is evidenced by a note and secured by a mortgage, suit may be brought on the note without first foreclosing the mortgage. *Asbury Park and Ocean Grove Bank v. Giordano,* 3 *N. J. Misc.* 555 (Sup. Ct. 1925), aff'd o. b. 103 *N. J. L.* 171 (E. & A. 1926); *Chodash v. Schlesinger,* 119 *N. J. L.* 405 (E. & A. 1938); *Silver v. Williams,* 72 *N. J. Super.* 564, 568 (App. Div. 1962). On the contrary where the indebtedness is evidenced by a *bond* rather than by a note, an action must first be brought to foreclose the mortgage. This rather anomalous result rests upon the language of *N. J. S. A.* 2A:50–2 which directs that where both a bond and mortgage have been given for the same debt, the mortgage must first be foreclosed before suit is brought on the bond. The statute, as indicated by the cases cited above, has been interpreted as having no applicability where the indebtedness is evidenced, not by a bond, but by a note.

In *79–83 Thirteenth Ave., Ltd. v. De Marco,* 44 *N. J.* 525 (1965), this court rather comprehensively reviewed the history of this procedural dichotomy and dwelt at some length, both in the majority and concurring opinions, upon the injustices that result from the continued application of the rule, discriminating, as it does, against note-mortgagors. In that case the mortgagee, having first foreclosed its mortgage, instituted an action at law for a deficiency. Defendant mortgagor sought to prove the fair market value of the property at the time of the foreclosure sale and to require that the amount so determined be credited against the mortgage debt. This protective procedure is expressly made available to *bond*-mortgagors by the terms of *N. J. S. A.* 2A:50–3. This court held, for reasons fully set forth in its opinion, that this statutory relief was not available to *note*-mortgagors, to whom the statute was held not to apply. It was stated,

however, that similar relief would, in a proper case, be made available to a note-mortgagor, to be fashioned under general equitable principles in response to the justified needs made manifest in each particular case. Both in the majority and concurring opinions filed in that case the conclusion was expressed that the problem could best be resolved by legislative action. *De Marco, supra, at* 530, 540. We are still of this view.

One week before the opinion in *De Marco* was published a bill had been introduced in the Legislature (Assembly, No. 755), seeking to amend Chapter 50 of Title 2A in all respects necessary to make identical the procedure to be followed in collecting the debt regardless of whether a note or bond were used; in all cases there was first to be a foreclosure of the mortgage. A statement accompanying the bill read,

The purpose of this statute is to prevent a multiplicity of actions for the recovery of a debt secured by a mortgage and to require exhaustion of the security afforded by a mortgage before a personal action may be brought upon the debt and *to give the makers of a note the same protection in a deficiency suit that the obligors of a bond now have.* [Emphasis added]

No action was taken on this bill and it apparently died in committee.

In May, 1969 a very similar bill was introduced, (Assembly, No. 925). The statement of purpose submitted with the bill made reference to *De Marco* and concluded by saying,

This bill incorporates the recommendations of the courts and would eliminate the distinction between mortgages securing bonds and mortgages securing notes.

This bill, too, failed of passage, apparently never having been reported out of committee.

Later in the same year this court tentatively undertook to deal with one phase of the problem by the promulgation of a rule requiring that a mortgagee holding a note and

mortgage must first foreclose the mortgage before bringing suit on the note. The rule read as follows:

> No action for recovery on a note or other instrument secured by a mortgage on real estate or an interest therein shall be brought against the maker, endorser or guarantor thereof until the mortgage shall have been first foreclosed or extinguished by the foreclosure of a prior mortgage or lien. This rule does not supersede any provisions of N. J. S. 2A:50–2, 2A:50–8 or 2A:50–22 (actions on bonds secured by mortgage). [*R.* 4:64–5]

Criticism of the proposed rule, at least as so drafted, led to the entry of an order of this court dated September 5, 1969, deleting it from the 1969 revision of the rules. 92 *N. J. L. J.* 593 (1969). The Supreme Court's Committee on Rules, in a brief report, 92 *N. J. L. J.* 761 (1969), set forth a number of specific points that a consideration of the proposal had raised and employed these as the basis for discussion at a meeting of the New Jersey State Bar Association on November 22, 1969. This discussion provoked a lively exchange of views on the part of both supporters and critics of the proposed change. See "Proposal to Adopt R. 4:64–5 Evokes Criticism," 92 *N. J. L. J.* 793 (1969). Since then nothing further has been done.

We continue to believe, as set forth at length in *De Marco,* that the present differentiation as between note-mortgagors and bond-mortgagors is illogical and what is worse, unfair. We also continue to believe that legislation affords the best recourse and to this end we again invite legislative consideration of this problem.

As to *R.* 4:64–5, it may well be, as has been urged, that in its present proposed form it is too inclusive and perhaps might well be modified so that its scope be limited to those cases in which the lender relies primarily upon the value of the mortgaged property as distinct from situations in which the mortgage is taken only as collateral security. See *De Marco, supra* (44 *N. J.* at 530). In the absence of seasonable legislative action, further attention must be given to a more definitive formulation of such a rule.

Finally, there is nothing in the case before us to warrant a departure here from the presently accepted rule that suit may first be brought upon a note without preliminary foreclosure of the mortgage. This is not the case of an unwitting homeowner who improvidently signs a note and then, upon default, is sued at law for the whole debt without the mortgage being first foreclosed. The loan here was of a commercial nature and the mortgage is a lien—albeit a very junior lien—on commercial properties. The defendants appear to be experienced and well versed in the field of real estate transactions. Here there was no reliance upon the value of the mortgaged properties, which were already encumbered with numerous senior liens.

We find no error in the action taken by the lower court and accordingly the judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*For reversal*—None.