171 N.J. Super. 557 (1979)
410 A.2d 266
SOL J. LIGHT, PLAINTIFF-RESPONDENT,
v.
THOMAS GRANATELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 11, 1979.
Decided December 20, 1979.
*558 Before Judges LORA, ANTELL and PRESSLER.
Kalb, Friedman and Siegelbaum, attorneys for appellant (Marc S. Friedman on the brief).
Evans, Hand, Allabough and Amoresano, attorneys for respondent (Joseph Bernadino on the brief).
The opinion of the court was delivered by LORA, P.J.A.D.
On January 23, 1969 defendant Thomas Granatell borrowed $275,000 from Newram Realty Corp. (Newram), secured by a bond and mortgage covering property in the City of Newburgh, Orange County, New York. Newram assigned the bond and mortgage to plaintiff Sol J. Light.
In June 1974, at Granatell's request, the parties entered into an extension agreement which provided, among other things, for the monthly amortization of the balance outstanding on the bond over five years at a rate of interest of 8% annually. The extension agreement was executed in New Jersey, where both Light and Granatell were then residents.
*559 The first installment payment became due on July 1, 1974, but Granatell did not, however, make the payment and has not made any of the succeeding installment payments. Light thereupon elected to accelerate the maturity of the debt pursuant to an applicable provision of the extension agreement.
During his ownership of the property Granatell failed to pay the City of Newburgh real estate taxes and water charges, said arrearages being then in excess of $300,000. The City of Newburgh perfected its priority lien against Granatell's property. Although Light had instituted foreclosure proceedings on the mortgage in New York, the City of Newburgh on December 30, 1976 foreclosed its tax lien and thereby extinguished Light's mortgage lien on the property. Light thereafter commenced this action on the bond in New Jersey, and on motion for summary judgment and cross-motion for dismissal of the complaint, the trial judge entered judgment for plaintiff from which defendant now appeals.
Defendant contends that Article 13 of the New York Real Property Actions and Proceedings Law, § 1301 (RPAPL), is controlling and principles of comity bar the plaintiff from maintaining this action. The cited section provides:
1. Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff of the county where he resides, if he resides within the state, or if he resides without the state, to the sheriff of the county where the judgment-roll is filed; and has been returned wholly or partly unsatisfied.
2. The complaint shall state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part has been collected.
3. While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.
Although it is admitted by defendant that Newburgh has foreclosed its tax lien on the subject property, he asserts that *560 plaintiff's action in New York remains pending and that § 1301 RPAPL requires that plaintiff pursue his remedies in the foreclosure action in New York or at least secure leave of the New York court to maintain this action on the bond in New Jersey. See Kamerman v. CDC Furniture Mfg. Corp., 5 Misc.2d 27, 162 N.Y.S.2d 999, 1000-1001 (Sup.Ct. 1956), in which it was held that the predecessor statute to § 1301 RPAPL indicated a general legislative policy of the State of New York to prohibit another action on the debt without leave of court while the foreclosure action is pending or after final judgment. In Stern v. Itkin Bros., Inc., 87 Misc.2d 538, 385 N.Y.S.2d 753, 755 (Sup.Ct. 1975), the court stated "It has been repeatedly held that although the owner and holder of a bond or note or mortgage has two remedies in enforcement; (1) to recover a judgment for the debt, or (2) to foreclose the mortgage securing the debt, both remedies may not be pursued at the same time." But see D'Agostino v. Wheel Inn, Inc., 65 Misc.2d 227, 317 N.Y.S.2d 472, 475-476 (Cty.Ct. 1970).
Plaintiff counters that the procedural laws governing New York mortgage foreclosures should not be applied to a New Jersey action on the bond indebtedness.
Section 1301 RPAPL does not set forth the procedure to be followed where a plaintiff commences an action to foreclose a mortgage on property situated in New York and while such action is pending, the security is exhausted. Plaintiff, in such a situation, is relegated to the position of a holder of a bond without security and, exhausting the remedy against the security as otherwise required by § 1301 RPAPL would appear to serve no legitimate purpose.
N.J.S.A. 2A:50-2, "Order of proceedings; foreclosure; action on bond; limitations; parties," reads as follows:
Where both a bond and a mortgage have been given for the same debt, all proceedings to collect the debt shall be:
First, a foreclosure of the mortgage; and
Second, an action on the bond for any deficiency, if, at the sale in the foreclosure proceeding, the mortgaged premises do not bring an amount sufficient to satisfy the debt, interest and costs. *561 The action on the bond shall be commenced within 3 months from the date of the sale or, if confirmation is or was required, from the date of the confirmation of the sale of the mortgaged premises. In such action judgment shall be rendered and execution issued only for the balance due on the debt and interest and costs of the action.
No action shall be instituted against any person answerable on the bond unless he has been made a party in the action to foreclose the mortgage.
Our statute directs that where both a bond and mortgage are given for the same debt, a foreclosure of the mortgage is required before any action can be instituted on the bond. Schwartz v. Bender Investments, Inc., 58 N.J. 444, 446 (1971). The purpose of N.J.S.A. 2A:50-2 is to prevent a multiplicity of actions for the recovery of a debt secured by a mortgage and a bond, thereby obviating the possibility, if not indeed the probability, of irreconcilable determinations of that issue. Ledden v. Ehnes, 22 N.J. 501, 509 (1956); Montclair Savings Bank v. Sylvester, 122 N.J. Eq. 518, 524-525 (E. & A. 1937).
However, it has long been settled law in New Jersey that the statute obviously cannot apply if the mortgage securing the bond has previously been extinguished by foreclosure of a superior mortgage or other lien, by a tax sale, by condemnation, or in some other manner. 30 N.J.Practice (Cunningham & Tischler, Law of Mortgages), § 392 at 347; Bloomfield Heights, Inc. v. Holland, etc., 22 N.J. Misc. 61, 64-65 (Cir.Ct. 1944). See, also, Goldberg v. Fisher, 11 N.J. Misc. 657, 662, 168 A. 232 (Sup.Ct. 1933), where a plaintiff's second mortgage was wiped out by the foreclosure of the first mortgage embracing the same premises and it was held that it was unnecessary for the plaintiff to first foreclosure her mortgage before proceeding upon the bond. And see Court Investment Co. v. Spatola, 136 N.J.L. 519, 520 (E. & A. 1948), where a first mortgage was foreclosed and the lien of the second mortgage thereby cut off, it was held that the second mortgagee is relegated to the position of a holder of a bond *562 without security, and therefore the statute requiring the holder of a mortgage to first exhaust his remedy against the security has no application to the holder of such second mortgage. Additionally, it has been held that N.J.S.A. 2A:50-2 does not apply to an action in New Jersey to recover on a bond prior to foreclosure, where the mortgage securing the bond covers land outside New Jersey, "for it assumes to regulate foreclosures and sales, and this would be impossible extraterritorially." Colton v. Salomon, 67 N.J.L. 73 (Sup.Ct. 1901); Phila., etc., Society v. Disston, 16 N.J. Misc. 129, 134, 198 A. 212, 215 (Cir.Ct. 1937).
The threshold question, then, is whether § 1301 RPAPL should be given extraterritorial effect, or, if under principles of comity, the New York statute should be binding upon our courts. There have been adjudications in cases where a mortgagor has pleaded the existence of a foreign anti-deficiency statute in effect at the situs of the mortgaged property in defense of an in personam suit for a deficiency, that the foreign statute in question did not extinguish the right to a deficiency but merely the remedy, and, as such, the remedial measure would have no extraterritorial effect and would not prevent recovery on the bond in any other jurisdiction. In Bayside Flushing Gardens v. Beuermann, 36 F. Supp. 706, 708-709 (D.C.D.C. 1941), plaintiff brought suit in the District of Columbia for the balance due on a bond executed in New York and secured by a mortgage on real property located in New York. The court held inapplicable the then existing moratorium laws of New York. While observing that the laws of the place of the contract governed all matters of substantive law affecting a contract, the court was of the view that the New York statutes related only to procedures, did not affect substantive rights, and that the deficiency action based on the bond, was transitory in nature and could be brought in any jurisdiction. See, also, New York Life Ins. Co. v. Aitkin, 125 N.Y. 660, 26 N.E. 732, 735 (Ct.App. 1891), and Florida Land Holding Corp. v. Burke, 135 Misc. 341, 238 N.Y.S. 1, 2 (Sup.Ct. *563 1929), aff'd 229 App.Div. 853, 243 N.Y.S. 799 (App.Div. 1930), in which it was held that the New York statute requiring leave of court as a condition precedent to suit for any part of a mortgage debt after the commencement of a foreclosure action does not apply where the action to foreclose was brought in a foreign state.
The intent of the New York statute is to prevent multiplicity of suits on the same debt, but not to affect the substantive rights of the mortgagee as distinguished from his remedies. It follows, then, that in accordance with the precept that remedy and procedure are governed by the law of the forum, the New York statute would have no effect upon plaintiff's present action to enforce his remedy in New Jersey. Cf. Apfelberg v. Lax, 255 N.Y. 377, 174 N.E. 759, 760 (Ct.App. 1931). See, also, Heavner v. Uniroyal, 63 N.J. 130, 136 (1973), where Justice Hall reiterated that sound sense and practical reasons dictate that a suit on a foreign cause of action should be processed and tried according to the procedural rules of the forum state.
As enunciated by our Supreme Court in O'Loughlin v. O'Loughlin, 6 N.J. 170 (1951):
Considerations of comity forbid interference with the prosecution of a proceeding in a foreign jurisdiction capable of affording adequate relief and doing complete justice, unless there be a special equity sufficient in conscience to stay the hand of the defendant. The question is not the existence of the power but the propriety of its exercise in a given case. The rule of comity is grounded in the policy of avoiding conflicts of jurisdiction, unless upon strong grounds, and the general principle that the court which first acquires jurisdiction of the issue has precedence. [at 179]
Stultz v. Stultz, 15 N.J. 315, 319-320 (1954). Accord, Princeton Univ. Trustees v. Trust Co. of N.J., 22 N.J. 587, 598-599 (1956); John Hancock Mut. Life Ins. Co. v. Fiorilla, 83 N.J. Super. 151, 158-159 (Ch.Div. 1964).
Application of these principles in light of the facts of this case leads us to conclude that "strong grounds" do exist so as to *564 permit plaintiff's action to be maintained in our courts notwithstanding the principle of comity between the states. It is clear that by virtue of the foreclosure of the prior tax liens and the resultant exhausting of the security, plaintiff's only remedy is a suit on the bond. If plaintiff were required to return to New York to pursue his action on the bond, it appears that he would ultimately have to bring suit in New Jersey on the New York deficiency judgment since defendant resides in New Jersey. The attendant waste of judicial time would itself violate New Jersey's strong policy of avoiding the vexation and oppression incident to multiple litigations in different jurisdictions. Princeton Univ. Trustees, supra 22 N.J. at 598. Moreover, we are mindful of the broadening judicial concepts disfavoring procedural moves calculated to frustrate a just determination on the ultimate merits between the parties. In re Carpenter, 142 N.J. Eq. 772, 775 (E. & A. 1948).
Appellant further asserts that the transcript of the hearing establishes that a genuine issue of fact exists with respect to the amount due on the bond and that the trial judge erred in failing to hold a hearing for the taking of testimony with respect to the amount due.
Defendant's contention is without merit in light of the fact that there was no proffer of evidence by defendant to the trial judge which refuted plaintiff's claim. To the contrary, during the oral argument counsel for defendant represented that he had a letter from plaintiff's bookkeeper which set forth certain payments totalling $7,511, that were made during the year 1974 and the allocation of those payments to interest and principal. Counsel for plaintiff stated that there would be no objection to a set-off of those figures and, moreover, plaintiff would accept the figures submitted by counsel as the correct amount to be deducted from the total due on the mortgage bond. There then followed a dialogue in which it was agreed that in addition to the aforesaid four payments, defendant would be credited with any additional sums for which he could produce documentation.
*565 It is clear that the trial judge and counsel agreed that the principal indebtedness was $117,000 plus 8% interest, and that defendant was entitled to a set-off of the four payments as well as any additional sums defendant could document. The trial judge's findings as reflected in his order are in accord with the affidavits filed and the admissions made by counsel for defendant during oral argument.
We note that, although it does not appear in the record, plaintiff states in his brief that a hearing on defendant's objection to the form of order was scheduled for August 8, 1978 but counsel for defendant did not appear and the trial judge thereupon entered judgment without hearing argument. In his reply brief defendant merely states there is nothing in the record before the court to support this allegation and that a genuine factual dispute existed as to the amount due as more fully reflected in the hearing transcript and the written objection by defendant's counsel to the form of the order.
The letter sent to the trial judge by defendant's counsel objecting to the proposed form of order drawn by plaintiff's counsel presented nothing specific which controverted plaintiff's claim; the letter merely recited a general objection to the entry of the proposed order until defendant could complete a review of his records which were allegedly located in the Newburgh property which was taken by Newburgh after the foreclosure proceeding. Because defendant failed to proffer any competent evidence showing a genuine issue of material fact existed, we are of the view that the trial judge did not mistakenly exercise his discretion in discounting defendant's objections and entering the order for summary judgment for plaintiff.
The summary judgment of the Law Division is affirmed.