BUSINESS LOAN CENTER, LLC, as successor-in-interest to Business Loan Center, Inc., Plaintiff,

v.

Manoj NISCHAL, et al., Defendants.

Civil Action No. 03–2717 (MLC).

United States District Court, D. New Jersey.

Aug. 4, 2004.

Jonathan T.K. Cohen, McCusker, Anselmi, Rosen, Carvelli & Walsh, PC, Chatham, NJ, for Plaintiff.

Gary T. Jodha, Law Offices of Gary T. Jodha, Princeton Junction, NJ, for Defendants.

## MEMORANDUM OPINION

COOPER, District Judge.

This matter comes before the Court on a motion by plaintiff Business Loan Center, LLC ("BLC"), and a cross motion by defendants Manoj Nischal, Anant Nischal, Nischal, Inc., d/b/a Riverwalk Manor a/k/a and/or f/k/a Travelodge Augusta (collectively, "defendants"), for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56(c). For the reasons stated herein, we will grant defendants' cross motion, and dismiss the complaint.

## BACKGROUND

The following facts are uncontested. Plaintiff loaned defendants $890,000, in March 2000. (Navarro Decl. ¶ 4.) The loan was evidenced by a Promissory Note. (*Id.*, Ex. A.) Defendants Manoj and Anant Nischal also executed personal guarantees, assuring payment on the loan. (*Id.*, Ex. B & ¶ 6.) The loan was secured by a mortgage on a one hundred forty-four room hotel located in Augusta, Georgia. (Navarro Decl. ¶ 5.)

Defendants defaulted on the loan, so plaintiff had the mortgaged property appraised and held a foreclosure sale on December 3, 2002. (*Id.* ¶ 7, 8.) Plaintiff itself acquired the property for the full appraisal price of $650,000, and issued defendants a credit, towards their loan, in that amount. (*Id.* ¶ 11.) Defendants were served with a summary of the appraisal in February 2003. (*Id.* ¶ 12, Ex. D.) As of December 2, 2002, defendants owed BLC $907,941.95 less the $650,000 credit, for a total of $257,941.95. (Cohen Decl. ¶ 4.)

Plaintiff filed for a confirmation of the foreclosure sale in Georgia Superior Court on December 30, 2002. (*Id.*, Ex. A.) In lieu of answering, defendants' Georgia counsel requested and was granted an adjournment without a new return date. (*See id.*, Ex. C.) To date, the foreclosure sale has not been confirmed by the Georgia Superior Court. (Trotter Aff. ¶ 3.)

Plaintiff brought this action to recover a deficiency judgment for the balance owed on the March 2000 loan, plus interest, costs and fees.

## DISCUSSION

The dispositive issue on the motion and cross motion for summary judgment is what law applies to the parties' dispute: Georgia or New Jersey. The significant difference between New Jersey and Georgia law is the latter's requirement that any foreclosure sale be confirmed within 30 days as a condition precedent to a deficiency action. Such a foreclosure-first requirement would not be required were this action subject to New Jersey law.

### I. Standard of Review

#### A. Summary Judgment

Rule 56 allows for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Once the summary judgment movant has met this *prima facie* burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of the adverse party's pleading." *Id.* at (e).

A court must view the evidence in the light most favorable to the nonmovant

when deciding a summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "At the summary judgment stage, the judge's function is not ... to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Under this standard the "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find" for the nonmovant. *Id.* at 252, 106 S.Ct. 2505.

### B. Conflict–of–Law Principles

A district court having jurisdiction under 28 U.S.C. 1332, applies the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In analyzing conflict-of-law questions, "New Jersey courts seek to apply the law of the state with the greatest interest in resolving the particular issue that is raised." *Pfizer, Inc. v. Employers Ins.*, 154 N.J. 187, 193, 712 A.2d 634 (1998); *see also Woessner v. Air Liquide, Inc.*, 242 F.3d 469, 472 (3d Cir.2001). New Jersey applies the "governmental-interest" choice-of-law test "that seeks to apply the law of the state with the greatest interest in governing the specific issue in the underlying litigation." *Fu v. Fu*, 160 N.J. 108, 118, 733 A.2d 1133 (1999) (citation omitted). The governmental-interest test is a two-part inquiry that asks: (1) is there an actual conflict between the laws of the two states in question, and, if so, (2) "which state has the most significant relationship to the occurrence and the parties with respect to the issue"? *Id.* at 119, 733 A.2d 1133.

"A court applying New Jersey choice-of-law rules typically would follow the approach of the Restatement (Second) of Conflict of Laws." ("Restatement") Bartkus, N.J. Federal Civil Procedure, 18–4:1 (citing *Gen. Ceramics, Inc. v. Firemen's Fund Ins. Cos.*, 66 F.3d 647, 652–53 (3d Cir.1995)); *see also Veazey v. Doremus*, 103 N.J. 244, 251, 510 A.2d 1187 (1986). The Restatement gives some guidance in applying this analysis to contract disputes concerning property. "The task of a court sitting in a state other than the state of the situs is to arrive at the same result a court of the situs would have arrived at upon the actual facts of the case." Restatement at Scope (Ch. 9, Topic 2). The Third Circuit Court of Appeals, in *General Ceramics*, grouped the relevant factors under Section 6 of the Restatement into five categories:

(1) the competing interests of the relevant states,

(2) the national interests of commerce among the several states,

(3) the interests of the parties,

(4) the interests underlying the contract law, and

(5) the interests of judicial administration.

*Pfizer*, 154 N.J. at 198, 712 A.2d 634 (citing *Gen. Ceramics*, 66 F.3d at 656).

The Restatement elaborates:

In the absence of an effective choice of law by the parties, the contacts to be taken into account ... include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

Restatement at § 188. "These contacts are to be evaluated according to their relative importance with respect to the particular issue." *Id.* The comments instruct that "the policy in favor of effectuating the relevant policies of the state of dominant interest is given predominant weight in the rule that transfers of interests in land are governed by the law that would be applied by the courts of the situs." *Id.* at § 6 cmt. c.[1] Thus, "[t]he method for the foreclosure of a mortgage on land and the interests in the land resulting from the foreclosure are determined by the local law of the situs." *Id.* at § 229.

> [W]hen the thing or the risk is the principal subject of the contract, it can often be assumed that the parties, to the extent that they thought about the matter at all, would expect that the local law of the state where the thing or risk was located would be applied to determine many of the issues arising under the contract.

*Id.* at § 188 cmt. e.

■ Matters of procedure are governed by the law of the forum, whereas substantive matters are governed by the law of the jurisdiction to which the court is referred by the forum's choice-of-law rules. *See Light v. Granatell,* 171 N.J.Super. 557, 563, 410 A.2d 266 (1979).

## C. What Burden Must Plaintiff Meet to be Entitled to a Deficiency Judgment?

*New Jersey*

N.J.S.A. § 2A:50–2 requires that "all proceedings to collect any debt secured by a mortgage on real property, shall be as follows: First, a foreclosure of the mortgage." While New Jersey law does require foreclosure as the first step, there are three relevant exceptions here.

■ "[W]here mortgage loans involve the financing of business or commercial properties, the lenders are not required to foreclose on the mortgage before seeking entry of judgment on the notes or on a guaranty." *Summit Trust Co. v. Willow Bus. Park, L.P.,* 269 N.J.Super. 439, 446, 635 A.2d 992 (1994) (citing *Schwartz v. Bender Inv., Inc.,* 58 N.J. 444, 449, 279 A.2d 100 (1971)).

> [T]here is nothing in the case before us to warrant a departure here from the presently accepted rule that suit may first be brought upon a note without preliminary foreclosure of the mortgage. This is not the case of an unwitting homeowner who improvidently signs a note. . . . The loan here was of a commercial nature and the mortgage is a lien . . . on commercial properties.

*Schwartz,* 58 N.J. at 449, 279 A.2d 100. This exception is codified at N.J.S.A. § 2A:50–2.3(a).

■ Actions against guarantors of a note following default are also exempted from the statute. *Del. Truck Sales, Inc. v. Wilson,* 131 N.J. 20, 32, 618 A.2d 303 (1993); *Summit Trust,* 269 N.J.Super. at 444–45, 635 A.2d 992 ("[A] continuing, absolute and unconditional guaranty of a note such as the guaranty involved here may be enforced directly against the guarantor without prior recourse to foreclosure on

---

1. "In most instances, the courts of the situs would decide the case in accordance with their own local law. They would do so for sentimental and historical reasons as well as for reasons of certainty and convenience and for the sake of their title recording systems. The local law of the situs is the law with which the parties, their lawyers and title searchers will usually be most familiar. The burdens of lawyers and of title searchers would be increased if it were not possible for them as a general rule to confine their attention to the local law of the situs. Likewise, if this were not so, the security of land titles would be diminished." Restatement at Scope (Ch. 9, Topic 2).

the collateral or even against the principal debtor."). This exception is codified at N.J.S.A. § 2A:50–2.3(d).

■ A foreclosure also is not required where the property mortgaged is located outside of New Jersey. *Phila. Sav. Fund Soc. v. Disston,* 16 N.J.Misc. 129, 134, 198 A. 212 (1937) ("The statute of our state requiring that the initial proceeding to collect a debt secured by a bond and mortgage shall be by foreclosure of the mortgage is not applicable where the mortgaged premises are situate [sic] outside of this state."); *Light,* 171 N.J.Super. at 562, 410 A.2d 266; *see also Colton v. Salomon,* 67 N.J.L. 73, 76, 50 A. 588 (1901) (regulation of property would be "impossible extraterritorially").

The second step under N.J.S.A. § 2A:50–2 is "an action on the bond or note for any deficiency, if, at the sale in the foreclosure proceeding, the mortgaged premises do not bring an amount sufficient to satisfy the debt, interest and costs." Such an action must "be commenced within 3 months from the date of the sale, or if confirmation is or was required, from the date of the confirmation of the sale of the mortgaged premises." N.J.S.A. § 2A:50–2. The statute also requires that the debtor be served with notice of the foreclosure sale and be made a party to the foreclosure sale. *Id.; see also Ledden v. Ehnes,* 22 N.J. 501, 506, 126 A.2d 633 (1956).

■ N.J.S.A. § 2A:50–2.3, as just discussed, exempts certain mortgages from a foreclosure-first requirement. However, there is "nothing which precludes a court from applying equitable principles to impose a fair market credit to prevent a windfall or where circumstances require equitable relief in the interest of justice." *CitiBank, N.A. v. Errico,* 251 N.J.Super. 236, 247, 597 A.2d 1091 (1991).

*Georgia*

■ Georgia law requires that no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

O.C.G.A. § 44–14–161. This statute only requires that the judge be notified within 30 days, not that a final decision be rendered within that period. *See Dukes v. Ralston Purina Co.,* 127 Ga.App. 696, 697–98, 194 S.E.2d 630 (Ga.Ct.App.1972). Notice must be given directly to the judge, and not merely filed with the Clerk of the Court. *Bentley v. N. Ga. Production Credit Ass'n,* 170 Ga.App. 361, 362, 317 S.E.2d 339 (Ga.Ct.App.1984). "Georgia law allows no action to collect a deficiency unless the person who instituted the non-judicial foreclosure proceeding [has] timely reported the sale for confirmation." *Meeker v. Eufaula Bank & Trust,* 208 Ga.App. 702, 705, 431 S.E.2d 475 (Ga.Ct.App.1993) (citing O.C.G.A. § 44–14–161(a)). The statute "requires a confirmation as a condition precedent to an action for a deficiency judgment." *Commercial Exch. Bank v. Johnson,* 197 Ga.App. 529, 530, 398 S.E.2d 817 (Ga.Ct.App.1990).

■ Failure to abide by § 44–14–161 "does not operate to extinguish a debt; it just limits the creditor's remedies." *Calvert Fire Ins. Co. v. Environs Dev. Corp.,* 601 F.2d 851, 854 (5th Cir.1979). "[F]ailure to [confirm] does not invalidate the remaining obligation; it simply renders it impossible for the holder to sue on it." *Turpin v. N. Am. Acceptance Corp.,* 119 Ga.App. 212, 217, 166 S.E.2d 588 (Ga.Ct.App.1969).

## II. Analysis

### A. Has Plaintiff Satisfied the Requirements for a Deficiency Judgment Under New Jersey and Georgia Law?

#### *New Jersey*

■ Plaintiff need not satisfy any foreclosure requirement to be eligible for a deficiency judgment in New Jersey. There is no dispute this case concerns mortgaged property located in Richmond County, Georgia (Cohen Decl., Ex. A), that the loan was made for commercial purposes, and that the defendants are guarantors on the defaulted loan. (Navarro Decl. ¶ 6.) Under any of the three exceptions, enumerated *supra* ¶ I, C, the requirement of foreclosure before a deficiency judgment is removed. Therefore, plaintiff is not required to pursue a foreclosure action under 2A:50–2 before seeking a deficiency action.

#### *Georgia*

Plaintiff has only partially satisfied the pre-requisites for bringing a deficiency action under Georgia law. Plaintiff has satisfied the 30–day requirement under O.C.G.A. § 44–14–161. The foreclosure sale was held December 3, 2002, (Navarro Decl. ¶ 8), and notice was filed with the appropriate judge on December 30, 2002 (Cohen Decl. ¶ 6, Ex. A), thus satisfying this part of the statute. Plaintiff further certified that notice was provided directly to the Honorable William M. Flemming, Chief Judge of the Superior Court of Richmond County, Georgia. (Cohen Decl. ¶ 6.)

A confirmation hearing, however, was not held. Prior to a hearing, defendants' Georgia counsel requested from the court, and received an adjournment, and no new return date was granted. (*Id.*, Ex. C.) Since the foreclosure sale has not been confirmed, plaintiff has not completed all the steps necessary for a deficiency action under Georgia law. Thus, if this action were governed by Georgia law, defendants' cross motion for summary judgment would be granted and the complaint would be dismissed.

### B. Is this Question Procedural or Substantive?

■ The requirement of a foreclosure confirmation before a deficiency action is substantive. An argument can be made that foreclosure requirement is procedural, as it pertains to the relevant steps that must be undertaken, and in no way affects the debt or liability. The New Jersey Appellate Division has drawn a distinction when a question "deals with the extent of a debtor's liability, a substantive right, rather than *how a creditor is to proceed in enforcing liability, the procedural aspect.*" *Citibank,* 251 N.J.Super. at 243, 597 A.2d 1091 (addressing applicability of New York's fair market value credit in a New Jersey action) (emphasis added). The court, however, concluded that "[s]ince the respective deficiency judgment laws are significantly different and application of the statute will substantially affect the result, ... deficiency judgments are matters of substantive law." *Id.*

### C. Conflict–of–Laws Analysis

■ New Jersey and Georgia law are in conflict. Georgia requires a confirmation of the foreclosure sale, while New Jersey does not. Thus, we proceed to the second part of the governmental-interest test. A court determining which state's interest is greatest must "identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties." *Veazey,* 103 N.J. at 248, 510 A.2d 1187. By applying the categories of interest from Restatement ¶ 6, *supra* ¶ I, B, we can evaluate which

state has a more significant interest in this matter.

### 1. Competing Interests of the Relevant States

 "State interest analysis focuses on whether application of the state's law under the circumstances of the particular case will advance the policies that the law was intended to promote." *Gen. Ceramics,* 66 F.3d at 656. Georgia's confirmation requirement "is designed to protect debtors from deficiency judgments when their property has been sold at a foreclosure sale for less than its fair market value." *Redman Indus., Inc. v. Tower Props., Inc.,* 517 F.Supp. 144, 149 (N.D.Ga.1981); *see also United States v. Golf Club Co.,* 435 F.2d 9, 10 (5th Cir.1970); *Goodman v. Nadler,* 113 Ga.App. 493, 496, 148 S.E.2d 480 (Ga.Ct.App.1966).

> The strongest ground of public policy which occurs for the enforcement of statutes requiring confirmation in foreclosure proceedings is to protect the debtor from being subjected to double payment in cases where the property was purchased for a sum less than its market value.

*Id.* at 496, 148 S.E.2d 480. The Georgia confirmation statute "was enacted during the Depression when many mortgagors were forced into bankruptcy by the deficiency judgments which were sought and obtained against them after mortgagees had acquired the property at nonjudicial foreclosure sales for nominal or depressed prices." *Taylor v. Thompson,* 158 Ga.App. 671, 671–72, 282 S.E.2d 157 (Ga.Ct.App. 1981). Application of the confirmation requirement, in the present circumstances, would serve to ensure that defendants receive fair market value for the property.

 New Jersey has carved out exceptions to its foreclosure requirement based on efficiency and respect for arms-length business transactions. The purpose of § 2A:50–2 "is to prevent a multiplicity of actions for the recovery of a debt secured by a mortgage or bond." *Light,* 171 N.J.Super. at 561, 410 A.2d 266. New Jersey's exceptions, however, acknowledge the implied sophistication and accountability of a business agreement. *See Schwartz,* 58 N.J. at 449, 279 A.2d 100; *Summit Trust,* 269 N.J.Super. at 446, 635 A.2d 992. Application of the New Jersey statute would promote efficiency and respect for contracts.

### 2. Commerce Among the States

 The court must "consider whether application of a competing state's law would frustrate the policies of other states." *Pfizer,* 154 N.J. at 198, 712 A.2d 634. Under New Jersey law, the foreclosure sale would not be confirmed and defendants would not be protected against double-payment or receiving less than fair market value for the property. Application of the Georgia law, on the other hand, would undermine the specific exceptions codified by New Jersey.

### 3. Interests of the Parties

 An analysis of the parties' interests is based on "their justified expectations and their needs for predictability of result." *Pfizer,* 154 N.J. at 199, 712 A.2d 634. The contacts discussed in Restatement ¶ 188, *supra* I, B, set a foundation for the expectations of the parties. *Id.* Both individual defendants are residents of New Jersey. (Jodha Aff., Ex. A, ¶ 2.) These defendants are officers of Nischal, Inc., whose principal place of business is in Augusta, Georgia. (*Id.* at ¶ 3.) The Georgia property was the subject of the loan contract and was the collateral upon which it rested. (Navarro Aff. ¶ 5.) There is no evidence as to the parties' place of contracting or negotiation.[2] As noted *supra,*

---

**2.** The contract does not include a choice-of- law provision.

the comments put "predominant weight" behind the laws of the state of location, when real property is central to the question. Restatement at ¶ 188 cmt. c. The Restatement also posits that with questions concerning land, the parties "would expect that the local law of the state where [the property] was located would be applied to determine many of the issues arising under the contract." *Id.* at cmt. e.

### 4. Interests Underlying the Field of Law

■■■ The Restatement instructs that [i]f the legislature intended that the statute should be applied to the out-of-state facts involved, the court should so apply it unless constitutional considerations forbid. On the other hand, if the legislature intended that the statute should be applied only to acts taking place within the state, the statute should not be given a wider range of application.

Restatement at ¶ 6 cmt. b. "Courts and jurists everywhere agree that the title to real estate is governed by the laws of the place where it is situated." *Montgomery v. Samory,* 99 U.S. 482, 483, 25 L.Ed. 375 (1878). The federal courts have long recognized and given effect to these matters as substantive rules of state property law. *See Parker v. Dacres,* 130 U.S. 43, 48, 9 S.Ct. 433, 32 L.Ed. 848 (1889); *Metro. Nat. Bank v. Conn. Mut. Life Ins. Co.,* 1878 WL 18084, 131 U.S.Append. CLXII, 24 L.Ed. 1011 (1878). This principle has been echoed by the New Jersey courts as well. *First Bank & Trust Co. v. MacGarvie,* 22 N.J. 539, 544, 126 A.2d 880 (1956) ("[I]t is a fundamental principle of the conflict of laws that legal consequences attaching to a right of redemption and the method of foreclosure are governed by the law of the Lex rei sitae."); *Segal v. Greater Valley Terminal Corp.,* 83 N.J.Super. 120, 124, 199 A.2d 48 (1964) ("[T]he law of the state where land is situated controls its

title, transfer, and disposition."). It has been long established that any attempt to apply New Jersey laws to property in another state "assumes to regulate foreclosures and sales, and this would be impossible extra-territorially." *Colton,* 67 N.J.L. at 76, 50 A. 588. A New Jersey court, therefore, would not apply New Jersey law to the foreclosure proceedings of a Georgia property.

### 5. Judicial Administration

"Ideally, choice-of-law rules should be simple and easy to apply." Restatement at ¶ 6 cmt. j. However the Restatement cautions that "[t]his policy should not be overemphasized, since it is obviously of greater importance that choice-of-law rules lead to desirable results." *Id.* It would be more efficient to adopt the New Jersey approach here. However, the Court must be aware of the potential for forum-shopping and endeavor to determine which law a New Jersey court would apply.

An analysis of New Jersey's choice-of-law principles based on the undisputed facts before us, lead to the conclusion that a New Jersey court would apply Georgia's foreclosure requirement to this dispute. The expectations of the parties and interests underlying the field of law weigh heavily in favor of this determination. The property's location and policies underlying each state's approach, additionally convince the Court that Georgia's law should apply. Viewing all evidence in a light most favorable to plaintiff, we find that no reasonable jury could find plaintiff has satisfied all conditions precedent for a deficiency action under Georgia law. Therefore we hold that summary judgment for defendants is appropriate and the complaint should be dismissed. The dismissal will be without prejudice to plaintiff's right to reinstate this action, or file a deficiency action in another forum, after the foreclosure is confirmed in the Georgia Court.

## CONCLUSION

Plaintiff has moved for summary judgment. Defendants have opposed and filed a cross motion for summary judgment. There are no material facts in dispute and defendants are entitled to judgment as a matter of law. We hold that this action should be controlled by Georgia law. Under the law of that state, it is a condition precedent that a foreclosure be confirmed before a deficiency action is brought. O.C.G.A. ¶ 44–14–161. It is undisputed that plaintiff has not received a confirmation from the appropriate Georgia court. (Cohen Decl. ¶ 6; Trotter Aff. ¶ 3.) Plaintiff has not, as a matter of law, completed all conditions precedent for a deficiency action to lie and defendants are entitled to summary judgment and dismissal of the complaint. Therefore, plaintiff's motion will be denied, and defendants' cross motion will be granted.