

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2005

# Yuen v. Bank of China

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4068

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Yuen v. Bank of China" (2005). *2005 Decisions.* Paper 508.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/508

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4068

ELMER YUEN; SAFARI DEVELOPMENT CO., LTD,
Appellants

v.

BANK OF CHINA

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil 03-cv-00744
District Judge: The Honorable Anne E. Thompson

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2005

Before: SLOVITER, BARRY, and SMITH, <u>Circuit Judges</u>

(Opinion Filed: September 22, 2005 )

OPINION

BARRY, <u>Circuit Judge</u>

Appellant Elmer Yuen, through his corporation, appellant Safari Development Co.,

Ltd. ("Safari"), was the owner of a condominium in the Trump International Hotel and

Tower, located in New York City. The condominium was subject to a mortgage held by appellee, the Bank of China, with Safari as mortgagor and Yuen as guarantor. The mortgage and related loan documents were executed in New York, and contain New York choice of law provisions.

This action arises out of two previous litigations. In April, 2001, Yuen's former wife, Stephanie Downs, sued Yuen in New Jersey Superior Court in connection with the couple's divorce. In November, 2002, the Bank of China commenced a mortgage foreclosure action against Yuen and Safari in New York Supreme Court ("the New York action"). Shortly thereafter, Yuen and Safari commenced this action in New Jersey Superior Court, seeking to enjoin the Bank of China from foreclosing in the New York action. The Bank of China removed this case to the U.S. District Court for the District of New Jersey. The District Court stayed the case pending the disposition of the New York action.

On February 27, 2004, Yuen and Safari sold the condominium, and the proceeds of the sale were used to satisfy the outstanding mortgage balance.[1] As a result, the New York court dismissed the New York action as moot.

Yuen and Safari claim that the sale of the condominium was pursuant to an oral settlement reached with the Bank of China, whereby the parties agreed that Yuen and

---

[1]This sale occurred in connection with a settlement agreement between Yuen and Downs.

Safari would not be responsible for some additional $500,000 in fees and penalties. The Bank of China denies that any such agreement had been reached, and demanded the $500,000, which Yuen and Safari were forced to pay.[2]

Yuen and Safari thereafter filed a motion in the District Court to enforce the purported settlement with the Bank of China. While the parties continue to dispute the existence of a settlement agreement, Yuen and Safari concede that any such agreement was never reduced to writing. There is no dispute as to the underlying state law: all parties agree that New York law requires settlement agreements to be in writing, while New Jersey law recognizes oral settlement agreements. Rather, the main issue is whether New York or New Jersey law applies.

The District Court held that New York law applied because New York had the greater interest in, and most significant connection to, the litigation. The District Court noted that the mortgage agreement and settlement agreement (to the extent it existed) were both entered into in New York, and the condominium was located in New York. In contrast, New Jersey was connected to the case only because of the litigation filed in New Jersey.

On appeal, Yuen and Safari argue that the purpose of New York's policy that

---

[2]Indeed, based on the record provided, it appears that no such agreement was reached. In a letter from Yuen to the Bank of China on the date of the sale, Yuen claimed that "Safari is experiencing significant cash flow problems to disburse the taxes and legal fees involved. Safari would like to sincerely propose that Bank of China forgive Safari of the related legal fees of approximately $140,000." App. 163.

settlement agreements be in writing is "to relieve New York courts of the burden of collateral litigation over [settlement] agreements." Reply Brief, at 2. Because this action is before the New Jersey courts, the argument goes, New York's policy would not be frustrated by enforcing the settlement agreement, while New Jersey's policy would be vindicated. This argument fails. New York's policy is intended to protect both the courts and the litigants from collateral litigation, and to promote finality. Although this action is before a court in New Jersey, New York continues to have an interest in promoting its policies, particularly where the litigation is in connection with real property located in New York. And, we note, the procedural history of this case strongly suggests that Yuen and Safari engaged in forum shopping, which is a significant factor to be considered in applying choice-of-law principles. *See State Farm Mutual Automobile Ins. Co. v. Simmons' Estate*, 417 A.2d 488, 492 (N.J.1980); *Business Loan Center v. Nischal,* 331 F. Supp. 2d 301, 310 (D.N.J. 2004).

The October 13, 2004 order of the District Court will be affirmed.